FILED
MAR 13 2008
MAR. 13, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 215 |
| | ) | |
| v. | ) | Violations: Title 8, United |
| | ) | States Code, Sections 1324(a)(1)(A)(iii) |
| KONSTANTINOS ALEXOPOULOS | ) | and 1324(a)(1)(B)(i) |

JUDGE AMY ST. EVE

MAGISTRATE JUDGE COX

COUNT ONE

The SPECIAL JUNE 2007 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant KONSTANTINOS ALEXOPOULOS owned and operated a restaurant known as Larry's Diner, located in Plainfield, Illinois.

    b. Individual A, a person associated with ALEXOPOULOS, owned a house located on Main Street in Plainfield, Illinois, approximately one mile from Larry's Diner (the Main Street house). In approximately March 2006, Individual A purchased the Main Street house from Individual B, the prior owner and operator of Larry's Diner.

    c. Larry's Diner employed workers in the restaurant, including busboys, dishwashers, cooks, cook's assistants, and wait staff.

    d. Several of the busboys, dishwashers, and cook's assistants working at Larry's Diner, referred to herein as Alien Nos. 1 through 8, were nationals of Mexico and resided in the Main Street house.

2. Beginning in or about July 2004, and continuing to on or about February 20, 2008, at Plainfield, in the Northern District of Illinois, Eastern Division,

KONSTANTINOS ALEXOPOULOS,

defendant herein, knowingly and in reckless disregard of the fact that aliens had come to, entered, and remained in the United States in violation of law, namely, Alien Nos. 1 through 8 and three other nationals from Mexico referred to herein as Alien Nos. 9 through 11, did conceal, harbor, and shield Alien Nos. 1 through 11 from detection and attempt to conceal, harbor and shield Alien Nos. 1 through 11 through employment by Larry's Diner and by providing housing for Alien Nos. 1 through 8 in the Main Street house, for the purpose of commercial advantage and private financial gain;

In violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

## FORFEITURE ALLEGATION

The SPECIAL JUNE 2007 GRAND JURY further charges:

1. The allegations contained in Count One of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b), and Title 28, United States Code, Section 2461.

2. As a result of his violations of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324 (a)(1)(B)(i) as alleged in the foregoing indictment,

KONSTANTINOS ALEXOPOULOS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 982(a)(6), and Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461, any and all right, title and interest in property, real or personal, (i) derived from or traceable to the proceeds obtained from the commission of the charged offense and (ii) used or intended to be used to facilitate the commission of the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461 include, but are not limited to:

   (i) any and all assets generated from or used to facilitate the operation of the business commonly known as Larry's Diner during the period July 2004 through February 20, 2008;

   (ii) $13,706 in currency seized from Larry's Diner on March 5, 2008; and

   (iii) the real property commonly known as 711 Main Street, Plainfield, Illinois;

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

4