*ORIGINAL*

ALEX-NT.FIL.wpd/d22

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No.    08 CR 0215 |
| vs. | ) | Hon. Amy J. St. Eve. |
| | ) | presiding |
| KONSTANTINOS ALEXOPOULOS, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

APR 1 0 2008 TC

Apr 10, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

To:    Steven Block
       Assistant U.S. Attorney
       219 S. Dearborn St., 5th Floor
       Chicago, Illinois 60604

     **PLEASE TAKE NOTICE** that we have caused to be filed this 10th day of April, 2008, in the United States District Court for the Northern District of Illinois, **MEMORANDUM OF LAW IN SUPPORT OF MATERIAL WITNESSES' MOTION FOR PER DIEM AND SUBSISTENCE PAYMENTS**, a copy of which is herewith served upon you.

                      Respectfully Submitted,

                      Robert A. Korenkiewicz
                      Attorney for Material Witness, Castro

Robert A. Korenkiewicz
Attorney for Castro
20 North Clark Street, #1200
Chicago, Illinois 60602
Attorney No. 21721
(312) 368-8283

## CERTIFICATE OF SERVICE

I, Robert A. Korenkiewicz, an attorney, hereby certify that on the 10th day of April, 2008, I caused a copy of the foregoing Notice together with said pleading to be personally served upon the above named person at _____ 9:15 A_ m.

_____
Robert A. Korenkiewicz

ALEX-MEM.MT.SUB.PYMTS/d22

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 1 0 2008 TC

Apr 10, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 08CR 215 |
| | ) | No.    08 CR 0215 |
| vs. | ) | Hon. Amy J. St. Eve |
| | ) | presiding |
| KONSTANTINOS ALEXOPOULOS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MATERIAL
WITNESSES' MOTION FOR PER DIEM AND SUBSISTENCE PAYMENTS**

Material witnesses, Florencio Chapol-Fiscal, Guadencio Fausto-Castro and all other such

witnesses similarly situated herein, by and through attorneys Jeffrey J. Levine and Robert A.

Korenkiewicz, submit their memorandum in support of their motion for per diem and subsistence

payments, as follows:

Background

The above named individuals, along with several others, were taken into custody on or

about February 20, 2008, by officials of ICE and characterized and processed as aliens who had

entered the United States illegally and were thus subject to deportation. On March 14, 2008, all

of the subject aliens were transferred to the custody of the U.S. Marshal as material witnesses

pursuant to the provisions of 18 U.S.C. §3144. On March 20, 2008, magistrate-judge Susan Cox

ordered the said individuals detained for the purpose of giving videotaped depositions in the

above captioned matter. Said depositions were held on March 25th and 26th, whereupon on the

latter date the government quashed the §3144 warrants and the said individuals were returned to

the custody of ICE on March 27, 2008. It appears that all were deported to Mexico forthwith.

During the period of Marshal's custody (i.e. March 14th to 27th) it appears that all

deportation processing by ICE was stayed and that, but for the §3144 detention, the said

individuals would have been deported on a more timely basis.

The Law

In the case of anyone detained pursuant to §3144, section 1821(d)(4) of Title 28 United

States Code provides:

> "When a witness is detained pursuant to section 3144 of title 18 for
> want of security for his appearance, he shall be entitled for each day
> of detention when not in attendance at court, in addition to his
> subsistence, to the daily attendance fee provided by subsection (b)
> of this section."

Issue

Whether or not subsection (e) of section 1821 entirely nullifies the otherwise unequivocal

command of subsection (d)(4). Subsection (e) provides:

> "An alien who has been paroled into the United States for
> prosecution, pursuant to section 212(d)(5)) of the Immigration
> and Nationality Act (8 U.S.C. 1182(d)(5), or an alien who
> either has admitted belonging to a class of aliens who are
> deportable or has been determined pursuant to section 240 of
> such Act (8 U.S.C. 1252(b)) to be deportable, shall be ineligible
> to receive the fees or allowances provided by this section."[1]

---

[1] All subject individuals admitted at their depositions, and in some cases earlier, to belonging
to a class of aliens who were deportable.

2

Material Witnesses' Position

It is the position of the subject material witnesses that subsection (d)(4) being unequivocal on its face and there being no custody or incarceration component set out in subsection (e), that they are entitled to witness fees and subsistence allowances for the period of time they were in §3144 Marshal's custody.

Discussion

On its face it appears that, under the instant facts, we have 2 seemingly unequivocal subsections of §1821 which directly contradict each other. One provides that anyone, without exception, in §3144 custody is entitled to certain fees and allowances. The other provides, inter alia, that anyone who admits being deportable is not so entitled. The seeming contradiction can be removed, however, when subsection (f) is thrown into the mix. That subsection states that any incarcerated person (regardless of the identity of the incarcerating party) is ineligible for fees and allowances except for an individual who is incarcerated pursuant to §3144. Thus, subsection (e) can be read to preclude payment of fees and allowances to deportable aliens who are not in ICE custody, but in the event that they are or in any event are then taken into Marshal's custody pursuant to §3144, then subsections (d) (4) and (f) control.[2] Indeed, this is precisely the position taken by the magistrate-judge in United States v. Lopez-Bustamante, 999 F. Supp. 1404 (D. Colo. 1998) after a careful analysis of the statute, the Code of Federal Regulations, and dictum from 2 opinions of the United States Supreme Court. Upon analysis and coupled with the fact

_____

[2]It should be noted that §1821 is the general witness fees and allowances statute that applies to all witnesses in district court proceedings, the overwhelming majority of whom are not in the custody of any party. Thus, subsection (e), as written, and because there is no custody component, simply applies to deportable aliens who are on parole (i.e. on bond).

3

that Mr. Najera (The material witness) was not promptly deported because of his incarceration as

a material witness, the court rejected the government's interpretation, as here, of subsection (e)

and found that that subsection applies to aliens who are not detained as material witnesses. The

court said:

> "The statute provides that a material witness is entitled to the
> daily attendance fee if detained. Congress provided in its
> amendment to §1821 that an incarcerated witness was not
> entitled to witness fees, unless the person was a material
> witness pursuant to 18 U.S.C. §3144. As in Demarest, the
> clear language of the statute indicates that a detained
> material witness is to be provided subsistence and the daily
> witness fee.
>
> "The Court finds that §1821(e) applies to aliens who are not
> detained as material witnesses." [Emphasis in original] Id. at
> 1407

Three years later, however, another magistrate-judge in the same district, given similar

facts,[3] and analyzing the same statute, the same Code of Federal Regulations, and the dictum

from the same 2 opinions of the United States Supreme Court, reached a different conclusion.

See United States v. Gerardo Alaniz-Tejeda, 150 F. Supp. 2d 1109 (D. Colo. 2001). While

noting the magistrate-judge's opinion in Bustamante, supra., this magistrate-judge chose to give

controlling weight to dictum contained in Demarest v. Manspeaker, 498 U.S. 184, 111 S. Ct. 599

(1991) to the effect that the language of subsection (e) was unequivocal. Id. at 1111. However

the court did not discuss the dichtomy between incarcerated and paroled subsection (e)

individuals, nor the interplay and affect of subsection (f) that one funds in Bustamante.

---

[3]The opinion is not clear as to whether or not the petitioners were in ICE custody prior to
being taken into Marshal's custody pursuant to §3144. The opinion simply states that they were
"released" after their §3144 depositions were taken (i.e. not returned to ICE custody for any
deportation proceedings). 105 F. Supp. 2d at 1109.

4

It is somewhat surprising that there is such a dearth of case law on the instant issue, and case law that does not emanate from a district court judge or appellate tribunal. Thus, at least as to published opinions, this appears to be a case of first impression before a full district court judge.

Conclusion

Movants, and those similarly situated, respectfully submit that the reasoning found in Bustamante, supra, is solid and sound and reasonably removes any seeming contradiction between subsections (d)(4) and (e). Deprivation of liberty of an otherwise innocent person is extremely onerous and it is only reasonable to presume that Congress fully intended that any §3144 detainee be compensated to the utmost for the period of time that liberty is lost: here, the period in Marshal's custody. That being the case, Movants, et al., should be awarded witness fees and subsistence allowances for the period of time ICE proceedings were stayed while they were in Marshal's custody pursuant to §3144.

Respectfully submitted,

Jeffrey J. Levine                          (RAK)
attorney for Movant, Fiscal

Robert A. Korenkiewicz,
attorney for Movant, Castro

Robert A. Korenkiewicz
Attorney for Castro
20 North Clark Street, #1200
Chicago, Illinois 60602
Attorney No. 21721
(312) 368-8283