UNITED STATES DISTRICT COURT
NORTHERN  DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 08 CR 215 |
| v. | ) | |
| | ) | Honorable Amy J. St. Eve |
| KONSTANTINOS ALEXOPOULOS | ) | |
| | ) | |

**MEMORANDUM IN OPPOSITION TO MATERIAL WITNESSES'
MOTION FOR PER DIEM AND SUBSISTENCE PAYMENTS**

**I.      Introduction**

On March 14, 2008, the grand jury returned a one count indictment against Konstantinos Alexopoulos charging him with concealing, harboring, and shielding from detection, eleven illegal aliens whom the defendant employed at his restaurant.  On the same day, Emergency Judge Rebecca R. Pallmeyer granted the government's motion to have the eleven aliens, who were then in the custody of the Bureau of Immigration and Customs Enforcement (ICE), declared material witnesses pursuant to Title 18, United States Code, Section 3144.  On March 20, 2008, each of the witnesses appeared before Magistrate Judge Susan Cox for an initial appearance and waived their right to a detention hearing.  The government took the witnesses' Rule 15 depositions on March 25 and 26, and immediately after the conclusion of the last deposition moved to quash the material witness warrants.

On March 27, 2008, the witnesses were transferred back to ICE custody so that they could be expeditiously returned to their native countries.  Ten of the witnesses were deported to Mexico on April 4, 2008.  One witness, Ismael Lopez-Mendoza, is a citizen of Guatemala and is awaiting a travel document so that he may be deported to his native country.  Each witness admitted that he was in the United States illegally.  (Ex. A, B).  The material witnesses now seek per diem and subsistence payments, pursuant to Title 28, United States Code, Section 1821,

for the time that they were in the custody of the United States Marshal.  Because the statute

under which the witnesses seek payments specifically excludes aliens who have admitted that

they are deportable, or who have been determined by ICE to be deportable, from receiving such

payments, the government respectfully requests that the Court deny the witnesses' motion.

## II.    Argument

Title 28, United States Code, Section 1821, provides that individuals who have been

declared material witnesses pursuant to Title 18, United States Code, Section 1344 and detained

as risks of flight are entitled to a subsistence allowance and daily attendance fee.  28 U.S.C. §

1821(d)(4).  The very next paragraph, however, contains a clear and unambiguous exception to

the class of individuals who are entitled to such payments.  It states, in pertinent part,

> [a]n alien . . . who either has admitted belonging to a class of aliens who are
> deportable or has been determined pursuant to . . . 8 U.S.C. § 1252(b) to be
> deportable, shall be ineligible to receive the fees or allowances provided by this
> section.

28 U.S.C. § 1821(e).

There is nothing confusing about the per diem statute, nor is the exception for deportable

aliens a "contradiction," as the witnesses argue.  Rather, it is a clear and unambiguous exception

to the payment requirement.  The lack of case law on this issue is not surprising, as the witnesses

contend, because the statute is clear on its face.  To the extent that there is any doubt about the

effect of § 1821(e), the Supreme Court's decision in *Demarest v. Manspeaker*, 498 U.S. 184

(1991) removes it.  In *Demarest*, the Court considered whether state prisoners who testified at

federal trials pursuant to a writ of habeas corpus *ad testificandum* were entitled to witness fees.

*Id.* at 185.  In deciding that state prisoners were entitled to witness fees, the Court reasoned that

Congress drafted the statute to explicitly exclude certain witnesses from receiving fees, and state

prisoners were not among the class of individuals excluded.  *Id.* at 187-88.  The Court stated,

2

"Congress expressly excepted another class of incarcerated witnesses — detained aliens — from eligibility for fees.  The conclusion is virtually inescapable, therefore, that the general language 'witnesses in attendance at any court of the United States' found in subsection (a)(1) includes prisoners unless they are otherwise excepted in the statute."  *Id.* at 188.  *Demarest* shows that the Supreme Court strictly construes § 1821.  The only way to strictly construe § 1821(e) is, as the Court stated in dicta, to find that deportable aliens are excluded from obtaining fees and subsistence payments under the statute.

The witnesses also rely on a 1998 Colorado decision, *United States v. Lopez-Bustamante*, 999 F.Supp. 1404 (D. Colo. 1998), to support their reading of the per diem statute.  In *Lopez-Bustamante*, the magistrate judge held that the exception in § 1821(e) only applies to aliens who are not detained as material witnesses.  That decision, however, misconstrues the plain language of the statute and overlooks the Supreme Court's reasoning in *Demarest* that § 1821(e) "excepted another class of incarcerated witnesses — detained aliens — from eligibility for fees."  *Demarest*, 498 U.S. at 188.  Moreover, the conclusion in *Lopez-Bustamante* is directly contradicted by the legislative history.  The House Judiciary Committee Report on the 1978 amendments to § 1821 states, "the proposed legislation amends 28 U.S.C. § 1821 to provide that a material witness *(other than an illegal alien)* shall receive a daily attendance fee for each day of his confinement."  H.R. Rep. 95-1651, 1978 U.S.C.C.A.N. 4631, 4634 (Ex. C) (emphasis added).  The legislative history further states that "the *entire section* does not apply to two categories of illegal aliens: first, those who have been paroled into the United States at their own request for prosecution, and second, those who have admitted belonging to a class of aliens who are deportable or already have been found to be deportable."  *Id.* at 4636 (emphasis added).  There can be little doubt, therefore, that these witnesses, who admitted that they are deportable and were found to be deportable, are not entitled to subsistence or per diem payments under §

1821.

**III.     Conclusion**

For the foregoing reasons, the government respectfully requests that the witnesses'

motion for per diem and subsistence payments by denied.


Respectfully submitted,


PATRICK J. FITZGERALD
United States Attorney

By:  s/ Steven A. Block
     STEVEN A. BLOCK
     Assistant United States Attorney
     219 S. Dearborn Street, Suite 500
     Chicago, Illinois 60604
     (312) 886-7647

Dated: April 17, 2008

## <u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that the following document:

**MEMORANDUM IN OPPOSITION TO MATERIAL WITNESSES'
MOTION FOR PER DIEM AND SUBSISTENCE PAYMENTS**

was served on April 17, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/Steven A. Block
STEVEN A. BLOCK
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-7647

1

1      IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
2                 EASTERN DIVISION

3

4   UNITED STATES OF AMERICA,     )     ORIGINAL
                                  )
5             Plaintiff,          )
                                  )
6        vs.                      )   No. 08 CR 215
                                  )
7   KONSTANTINOS ALEXOPOULOS,     )   Hon. Amy J. St. Eve
                                  )
8             Defendant.          )

9

10          The videotaped interpreted deposition of

11   GUADENCIO FAUSTO-CASTRO, taken pursuant to the

12   Federal Rules of Civil Procedure of the United

13   States District Courts pertaining to the taking of

14   depositions, taken before Lisa R. Lisit, a Notary

15   Public within and for the County of Cook and State

16   of Illinois, and a Certified Shorthand Reporter of

17   said State, taken at 219 South Dearborn Street,

18   Suite 500, Chicago, Illinois, on March 25, 2008, at

19   the hour of 1:15 p.m.

20

21

22

23

24

25

6

DIRECT EXAMINATION

BY MR. BLOCK:

1.    Q.   Good afternoon.
2.    A.   Good afternoon.
3.    Q.   Can you please state your name?

Q.    Good afternoon.

A.    Good afternoon.

Q.    Can you please state your name?

A.    Guadencio Fausto-Castro.

Q.    Where were you born?

A.    In the state of Guerrero.

Q.    What country is that in?

A.    Mexico.

Q.    Are you a citizen of Mexico?

A.    Yes.

Q.    Are you a citizen of any other country besides Mexico?

A.    No.

Q.    Are you in the United States legally?

A.    No.

Q.    When did you enter the United States?

A.    August of 2007.

Q.    How did you enter the United States?

A.    With some help.

Q.    What sort of help did you receive?

A.    There was a person that passed people.

Q.    What part of the United States did you enter?

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **ORIGINAL** |
| Plaintiff, | ) | |
| vs. | ) | No. 08 CR 215 |
| KONSTANTINOS ALEXOPOULOS, | ) | Hon. Amy J. St. Eve |
| Defendant. | ) | |

The videotaped interpreted deposition of FERMIN BUENAVENTURA-VALERO, taken pursuant to the Federal Rules of Civil Procedure of the United States District Courts pertaining to the taking of depositions, taken before Lisa R. Lisit, a Notary Public within and for the County of Cook and State of Illinois, and a Certified Shorthand Reporter of said State, taken at 219 South Dearborn Street, Suite 500, Chicago, Illinois, on March 25, 2008, at the hour of 1:45 p.m.

5

1    the defendant in this matter.

2        MS. ZEBIO:  Rachel Zebio, I represent the

3    material witness, Fermin Buenaventura-Valero.

4        THE VIDEOGRAPHER:  Will the court reporter

5    please swear in the witness and his interpreter,

6    Catalina Johnson.

7                        (Interpreter and Witness

8                         sworn.)

9    WHEREUPON:

10                   CATALINA JOHNSON,

11   called as an interpreter herein, was sworn to

12   interpret all of the questions from English to

13   Spanish and all of the answers from Spanish to

14   English.

15                 FERMIN BUENAVENTURA-VALERO,

16   called as a witness herein, having been first duly

17   sworn, was examined and testified as follows:

18                   DIRECT EXAMINATION

19   BY MR. BLOCK:

20       Q.   Good afternoon.  Will you please state

21   your name?

22       A.   Fermin Buenaventura-Valero.

23       Q.   Where were you born?

24       A.   Ticuman, Morelos.

25       Q.   What country is that in?

6

1        A.    Mexico.

2        MS. ZEBIO:  Steve, I don't mean to interrupt

3    you, but can -- with the court reporter can we have

4    him sign the immunity letter before he continues on

5    with all the testimony?

6        MR. BLOCK:  Absolutely.

7        MS. ZEBIO:  Okay.  Can you just explain the

8    terms of this so that he can sign it?  I just don't

9    want to go through all the testimony without him

10   having signed the letter.

11       THE INTERPRETER:  I can translate whatever you

12   explain.

13       MR. BLOCK:  I thought he already did.  Why

14   don't we go off the record if you want to discuss

15   it with him.

16       MS. ZEBIO:  That's fine.  I apologize.

17       MR. BLOCK:  That's fine.

18       THE VIDEOGRAPHER:  We're going off the record.

19   The time now is 1:47 p.m.

20                        (Discussion off the record.)

21       THE VIDEOGRAPHER:  We are back on the record.

22   The time now is 1:50 p.m.

23       MR. BLOCK:  I will ask the reporter, please,

24   if you could read back, please, the last two

25   questions and answers.

7

1              (Record read as requested.)

2    BY MR. BLOCK:

3         Q.    Are you a citizen of Mexico?

4         A.    Yes.

5         Q.    Are you a citizen of any other country

6    besides Mexico?

7         A.    No.

8         Q.    Are you in the United States legally?

9         A.    Illegal.

10        Q.    When did you enter the United States?

11        A.    Okay.  The truth is I came in the first

12   time in '86, went back and then came back again in

13   '96.  And I haven't gone back since then, not until

14   today.

15        Q.    In 1996, how did you enter the United

16   States?

17        A.    Through San Diego -- Tijuana, San Diego,

18   Los Angeles and then took a plane to Chicago.

19        Q.    When you entered through San Diego or Los

20   Angeles, did you enter through the designated

21   border crossing?

22        A.    Yes.

23        Q.    And then you said you took a plane to

24   Chicago?

25        A.    From LA to Chicago.

1

1          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
2                    EASTERN DIVISION

3

4     UNITED STATES OF AMERICA,      )      ORIGINAL
                                     )
5               Plaintiff,           )
                                     )
6          vs.                       )  No. 08 CR 215
                                     )
7     KONSTANTINOS ALEXOPOULOS,      )  Hon. Amy J. St. Eve
                                     )
8               Defendant.           )

9

10          The videotaped interpreted deposition of

11    FLORENCIO CHAPOL-FISCAL, taken pursuant to the

12    Federal Rules of Civil Procedure of the United

13    States District Courts pertaining to the taking of

14    depositions, taken before Lisa R. Lisit, a Notary

15    Public within and for the County of Cook and State

16    of Illinois, and a Certified Shorthand Reporter of

17    said State, taken at 219 South Dearborn Street,

18    Suite 500, Chicago, Illinois, on March 25, 2008, at

19    the hour of 2:30 p.m.

20

21

22

23

24

25

6

1    Q.    Can you state your name, please?

2    A.    Florencio Chapol-Fiscal.

3    Q.    Where were you born?

4    A.    San Andreas, Tuxtla.

5    Q.    What country is that in?

6    A.    It's in the municipality of Veracruz.

7    Q.    In what country?

8    A.    Mexico.

9    Q.    Are you a citizen of Mexico?

10   A.    Yes.

11   Q.    Are you a citizen of any other country?

12   A.    Just Mexico.

13   Q.    Are you in the United States legally?

14   A.    No.

15   Q.    When did you enter the United States?

16   A.    In the year 2000.

17   Q.    How did you enter the country?

18   A.    From Mexico to the border, I came by

19   myself.

20   Q.    Did anyone assist you in crossing the

21   border?

22   A.    Yes, from the border here I got crossed

23   by a gentleman.  I didn't know him, but he crossed

24   me over.

25   Q.    Did you pay him to help you?

1

1  IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
2  EASTERN DIVISION

3

4  UNITED STATES OF AMERICA,   )   **ORIGINAL**
                               )
5          Plaintiff,          )
                               )
6     vs.                      )   No. 08 CR 215
                               )
7  KONSTANTINOS ALEXOPOULOS,   )   Hon. Amy J. St. Eve
                               )
8          Defendant.          )

9

10         The videotaped interpreted deposition of

11  EFRAIN ESCRIBAN-BELLI, taken pursuant to the

12  Federal Rules of Civil Procedure of the United

13  States District Courts pertaining to the taking of

14  depositions, taken before Lisa R. Lisit, a Notary

15  Public within and for the County of Cook and State

16  of Illinois, and a Certified Shorthand Reporter of

17  said State, taken at 219 South Dearborn Street,

18  Suite 500, Chicago, Illinois, on March 25, 2008, at

19  the hour of 3:11 p.m.

20

21

22

23

24

25

5

1     MR. MINKUS:  Jonathan Minkus, I represent the

2   defendant in this matter.

3     MR. MEYER:  John Meyer, attorney for the

4   witness, Mr. Escriban.

5     THE VIDEOGRAPHER:  Will the court reporter

6   please swear in the witness and his court reporter

7   (sic), Catalina Johnson.

8              (Interpreter and Witness

9                sworn.)

10  WHEREUPON:

11         CATALINA JOHNSON,

12  called as an interpreter herein, was sworn to

13  interpret all of the questions from English to

14  Spanish and all of the answers from Spanish to

15  English.

16        EFRAIN ESCRIBAN-BELLI,

17  called as a witness herein, having been first duly

18  sworn, was examined and testified as follows:

19         DIRECT EXAMINATION

20  BY MR. BLOCK:

21    Q.  Good afternoon.  Could you please state

22  your name?

23    A.  Efrain Escriban-Belli.

24    Q.  Where were you born?

25    A.  San Andreas, Tuxtla.

6

```
 1          Q.    What country is that in?

 2          A.    We live in Los Naranjos, the municipality

 3     of San Andreas, Tuxtla, Veracruz.

 4          Q.    Is that in the country of Mexico?

 5          A.    Yes, Mexico.

 6          Q.    Are you a citizen of Mexico?

 7          A.    Yes.

 8          Q.    Are you a citizen of any other country

 9     besides Mexico?

10          A.    No.

11          Q.    Are you in the United States legally?

12          A.    No, illegally.

13          Q.    When did you enter the United States?

14          A.    About four years ago, almost four years

15     ago.  I'm not exactly sure.

16          Q.    How did you enter the country?

17          A.    I came across the border.

18          Q.    What part of the border?

19          A.    In Arizona.

20          Q.    Did somebody help you across the border?

21          A.    Yes, I got a person to take me over, but

22     then once I was over I came by myself.  We got

23     together and got a car to come.

24          Q.    How much did you pay the person to help

25     you across the border?
```

1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA,　　　)　　ORIGINAL

　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　) No. 08 CR 215
　　　　　　　　　　　　　　　　　)
KONSTANTINOS ALEXOPOULOS,　　　) Hon. Amy J. St. Eve
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　)

　　　　　　The videotaped interpreted deposition of

JESUS GUTIERREZ-SANCHEZ, taken pursuant to the

Federal Rules of Civil Procedure of the United

States District Courts pertaining to the taking of

depositions, taken before Lisa R. Lisit, a Notary

Public within and for the County of Cook and State

of Illinois, and a Certified Shorthand Reporter of

said State, taken at 219 South Dearborn Street,

Suite 500, Chicago, Illinois, on March 25, 2008, at

the hour of 3:53 p.m.

5

1        MR. BEALS:  Bart Beals on behalf of

2   Mr. Gutierrez-Sanchez.

3        THE VIDEOGRAPHER:  I will now ask the court

4   reporter to please swear in the witness and his

5   interpreter, Catalina Johnson.

6                         (Interpreter and Witness

7                          sworn.)

8   WHEREUPON:

9                    CATALINA JOHNSON,

10  called as an interpreter herein, was sworn to

11  interpret all of the questions from English to

12  Spanish and all of the answers from Spanish to

13  English.

14                   JESUS GUTIERREZ-SANCHEZ,

15  called as a witness herein, having been first duly

16  sworn, was examined and testified as follows:

17                    DIRECT EXAMINATION

18  BY MR. BLOCK:

19      Q.    Good afternoon.  Could you please state

20  your name?

21      A.    Jesus Gutierrez-Sanchez.

22      Q.    Where were you born?

23      A.    In Mexico.

24      Q.    Are you a citizen of Mexico?

25      A.    That's right.

6

1       Q.     Are you a citizen of any other country

2 besides Mexico?

3       A.     No.

4       Q.     Are you in the United States legally?

5       A.     No.

6       Q.     When did you enter the United States?

7       A.     In '97.

8       Q.     How did you enter the country?

9       A.     Through someone that we call a "coyote."

10       Q.     Is that someone you paid to help you

11 enter the country?

12       A.     I don't pay -- I'm not paying him now but

13 I paid him on that occasion.

14       Q.     How much did you pay him?

15       A.     A thousand dollars.

16       Q.     At what part of the border did you cross?

17       A.     I don't remember exactly, but it was

18 through Phoenix in Arizona.

19       Q.     Where did you go after entering the

20 United States?

21       A.     I came here to Chicago.

22       Q.     Did you look for work at that point?

23       A.     Yes, that's right.

24       Q.     Where did you work?

25       A.     I worked at a Chinese food warehouse.

1

1        IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
2                  EASTERN DIVISION

3

4    UNITED STATES OF AMERICA,     )    *ORIGINAL*
                                   )
5              Plaintiff,          )
                                   )
6         vs.                      )    No. 08 CR 215
                                   )
7    KONSTANTINOS ALEXOPOULOS,     )    Hon. Amy J. St. Eve
                                   )
8              Defendant.          )

9

10            The videotaped interpreted deposition of

11   MARCOS DeARCOS, taken pursuant to the Federal Rules

12   of Civil Procedure of the United States District

13   Courts pertaining to the taking of depositions,

14   taken before Lisa R. Lisit, a Notary Public within

15   and for the County of Cook and State of Illinois,

16   and a Certified Shorthand Reporter of said State,

17   taken at 219 South Dearborn Street, Suite 500,

18   Chicago, Illinois, on March 25, 2008, at the hour

19   of 4:29 p.m.

20

21

22

23

24

25

5

1       MS. WINSLOW:  Heather Winslow.

2       THE VIDEOGRAPHER:  Will the court reporter

3   please swear in the witness and his interpreter,

4   Catalina Johnson.

5                       (Interpreter and Witness

6                       sworn.)

7   WHEREUPON:

8                   CATALINA JOHNSON,

9   called as an interpreter herein, was sworn to

10   interpret all of the questions from English to

11   Spanish and all of the answers from Spanish to

12   English.

13                   MARCOS DeARCOS,

14   called as a witness herein, having been first duly

15   sworn, was examined and testified as follows:

16                   DIRECT EXAMINATION

17   BY MR. BLOCK:

18       Q.   Good afternoon.  Could you please state

19   your name?

20       A.   Miguel DeArcos.

21       Q.   Where were you born?

22       A.   In San Julian, Jalisco.

23       Q.   What country is that in?

24       A.   In Mexico.

25       Q.   Are you a citizen of Mexico?

6

1       A.    Yes.

2       Q.    Are you a citizen of any other country?

3       A.    No.

4       Q.    Are you in the United States legally?

5       A.    No.

6       Q.    When did you enter the United States?

7       A.    Five years and one month ago more or

8  less.

9       Q.    How did you enter the country?

10      A.    Illegally.

11      Q.    Did you have someone assist you in

12  entering the country?

13      A.    Yes.

14      Q.    Did you pay that person?

15      A.    Yes.

16      Q.    How much did you pay them?

17      A.    $2,000.

18      Q.    Where did you -- did you cross the border

19  from Mexico into the U.S.?

20      A.    Yes.

21      Q.    Do you recall where you crossed?

22      A.    Yes.

23      Q.    Where was that?

24      A.    Sonora -- Phoenix.

25      Q.    What happened after you crossed the

1

1        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
2                  EASTERN DIVISION

3

4    UNITED STATES OF AMERICA,     )     *ORIGINAL*
                                   )
5            Plaintiff,            )
                                   )
6        vs.                       )  No. 08 CR 215
                                   )
7    KONSTANTINOS ALEXOPOULOS,     )  Hon. Amy J. St. Eve
                                   )
8            Defendant.            )

9

10        The videotaped interpreted deposition of

11   MARCOS TORRES, taken pursuant to the Federal Rules

12   of Civil Procedure of the United States District

13   Courts pertaining to the taking of depositions,

14   taken before Lisa R. Lisit, a Notary Public within

15   and for the County of Cook and State of Illinois,

16   and a Certified Shorthand Reporter of said State,

17   taken at 219 South Dearborn Street, Suite 500,

18   Chicago, Illinois, on March 25, 2008, at the hour

19   of 4:49 p.m.

20

21

22

23

24

25

5

1          MR. SULLIVAN:  John L. Sullivan, I'm the

2     attorney for Mr. Torres.

3          THE VIDEOGRAPHER:  Will the court reporter

4     please swear in the witness and his interpreter,

5     Catalina Johnson.

6                         (Interpreter and Witness

7                          sworn.)

8     WHEREUPON:

9                    CATALINA JOHNSON,

10    called as an interpreter herein, was sworn to

11    interpret all of the questions from English to

12    Spanish and all of the answers from Spanish to

13    English.

14                    MARCOS TORRES,

15    called as a witness herein, having been first duly

16    sworn, was examined and testified as follows:

17                    DIRECT EXAMINATION

18    BY MR. BLOCK:

19         Q.   Good afternoon.  Can you please state

20    your name?

21         A.   Marcos Torres.

22         Q.   Where were you born?

23         A.   Mexico.

24         Q.   Are you a citizen of Mexico?

25         A.   Yes.

6

1      Q.    Are you a citizen of any other country?

2      A.    No.

3      Q.    Are you in the United States legally?

4      A.    No.

5      Q.    When did you enter the United States?

6      A.    2002.

7      Q.    How did you enter the country?

8      A.    From the border, Agua Preta.

9      Q.    Did someone help you across the border?

10     A.    I arrived by myself to the border.  Then

11  I found other people there and I crossed with them.

12     Q.    Did you pay anyone to help you?

13     A.    When I went with the group of people, I

14  paid one person $500.

15     Q.    What did you do after you came into the

16  United States.

17     A.    I got to Phoenix, Arizona.

18     Q.    At some point did you make your way to

19  the Chicago area?

20     A.    From Phoenix, Arizona I got here with

21  some other people in a car.

22     Q.    After you arrived in the Chicago area,

23  did you attempt to find work?

24     A.    Yes.

25     Q.    What did you do?

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )
                                   )
      vs.                          )  No. 08 CR 215
                                   )
KONSTANTINOS ALEXOPOULOS,          )  Hon. Amy J. St. Eve
                                   )
            Defendant.             )

ORIGINAL

The videotaped interpreted deposition of

ANDRES TOTO-CHOLO, taken pursuant to the Federal

Rules of Civil Procedure of the United States

District Courts pertaining to the taking of

depositions, taken before Lisa R. Lisit, a Notary

Public within and for the County of Cook and State

of Illinois, and a Certified Shorthand Reporter of

said State, taken at 219 South Dearborn Street,

Suite 500, Chicago, Illinois, on March 26, 2008, at

the hour of 11:01 a.m.

6

1          Is that correct?

2          THE WITNESS:  Yes.

3          MR. BLOCK:  I also told Mr. Clavelli that I

4    would present his witness -- I'm sorry -- his

5    client with a copy of the immunity letter that was

6    issued by our office.

7          I did that, and the translator translated

8    the letter, which was written in English, into

9    Spanish for the witness.

10          The witness signed the letter, and we

11    acknowledge that he has immunity from prosecution

12    for any crimes that may have any relation to this

13    case.  And with that, I'll begin the questions.

14    WHEREUPON:

15          CATALINA JOHNSON,

16    called as an interpreter herein, was sworn to

17    interpret all of the questions from English to

18    Spanish and all of the answers from Spanish to

19    English.

20          ANDRES TOTO-CHOLO,

21    called as a witness herein, having been first duly

22    sworn, was examined and testified as follows:

23          DIRECT EXAMINATION

24    BY MR. BLOCK:

25          Q.    Can you please state your name?

7

1          A.    Andres Toto-Cholo.

2          Q.    Where you were born?

3          A.    In Veracruz -- San Andreas, Tuxtla,

4    Veracruz.

5          Q.    Is that in Mexico?

6          A.    Yes.

7          Q.    Are you a citizen of Mexico?

8          A.    Yes.

9          Q.    Are you a citizen of any other country?

10         A.    No.

11         Q.    Are you in the United States legally?

12         A.    No.

13         Q.    When did you enter the United States?

14         A.    A year ago.

15         Q.    How did you get into the country?

16         A.    We went to work at the border and then we

17   met somebody there that brought us here.

18         Q.    Did you pay that person to help you cross

19   the border?

20         A.    Yes.

21         Q.    How much did you pay them?

22         A.    1700.

23         Q.    Dollars?

24         A.    Yes, you pay him here.

25         Q.    What did you do after you entered the

1

1  IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
2  EASTERN DIVISION

3

4  UNITED STATES OF AMERICA,        )   **ORIGINAL**
                                    )
5        Plaintiff,                 )
                                    )
6     vs.                           )   No. 08 CR 215
                                    )
7  KONSTANTINOS ALEXOPOULOS,        )   Hon. Amy J. St. Eve
                                    )
8        Defendant.                 )

9

10       The videotaped interpreted deposition of

11  JENARO CORTEZ-MARTINEZ, taken pursuant to the

12  Federal Rules of Civil Procedure of the United

13  States District Courts pertaining to the taking of

14  depositions, taken before Lisa R. Lisit, a Notary

15  Public within and for the County of Cook and State

16  of Illinois, and a Certified Shorthand Reporter of

17  said State, taken at 219 South Dearborn Street,

18  Suite 500, Chicago, Illinois, on March 26, 2008, at

19  the hour of 11:23 a.m.

20

21

22

23

24

25

5

1          MR. MINKUS:  Jonathan Minkus on behalf of the

2     defendant.

3          MR. GUTIERREZ:  And Gerardo Gutierrez on

4     behalf of the deponent, Jenaro Cortez-Martinez.

5          THE VIDEOGRAPHER:  Will the court reporter

6     please swear in the witness and his interpreter,

7     Catalina Johnson.

8                              (Interpreter and Witness

9                               sworn.)

10    WHEREUPON:

11                    CATALINA JOHNSON,

12    called as an interpreter herein, was sworn to

13    interpret all of the questions from English to

14    Spanish and all of the answers from Spanish to

15    English.

16                    JENARO CORTEZ-MARTINEZ,

17    called as a witness herein, having been first duly

18    sworn, was examined and testified as follows:

19                    DIRECT EXAMINATION

20    BY MR. BLOCK:

21         Q.    Good morning.  Good morning.

22         A.    Good morning.

23         Q.    Could you please state your name?

24         A.    Jenaro Cortez-Martinez.

25         Q.    Where were you born?

6

| | | |
|---|---|---|
| 1 | A. | In the state of Mexico. |
| 2 | Q. | Are you a citizen of Mexico? |
| 3 | A. | Yes. |
| 4 | Q. | Are you a citizen of any other country? |
| 5 | A. | From here? |
| 6 | Q. | Are you a citizen of any country other |

7     than Mexico?

| | | |
|---|---|---|
| 8 | A. | I'm just -- of Mexico I am. |
| 9 | Q. | Are you in the United States legally? |
| 10 | A. | What do you mean? |
| 11 | Q. | Did you receive approval from the |

12     government of the United States to enter the
13     country?

| | | |
|---|---|---|
| 14 | A. | No. |
| 15 | Q. | When did you enter the United States? |
| 16 | A. | In 2007. |
| 17 | Q. | How did you enter the country? |
| 18 | A. | How I did? |
| 19 | Q. | Yes. |
| 20 | A. | I came through the desert, walking. |
| 21 | Q. | Did anyone help you enter the country? |
| 22 | A. | Yes, but I don't know what his or her |

23     name is.

| | | |
|---|---|---|
| 24 | Q. | Did you have to pay this person? |
| 25 | A. | Yes. |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,     )     *ORIGINAL*
                             )
         Plaintiff,          )
                             )
    vs.                      )   No. 08 CR 215
                             )
KONSTANTINOS ALEXOPOULOS,    )   Hon. Amy J. St. Eve
                             )
         Defendant.          )

         The videotaped interpreted deposition of

JUAN ANTONIO GALLEGOS-SANCHEZ, taken pursuant to

the Federal Rules of Civil Procedure of the United

States District Courts pertaining to the taking of

depositions, taken before Lisa R. Lisit, a Notary

Public within and for the County of Cook and State

of Illinois, and a Certified Shorthand Reporter of

said State, taken at 219 South Dearborn Street,

Suite 500, Chicago, Illinois, on March 26, 2008, at

the hour of 11:49 a.m.

5

1      MR. MINKUS:  Jonathan Minkus on behalf of the

2   defendant.

3      MR. FALCONER:  Michael Falconer on behalf of

4   Juan Gallegos, the deponent.

5      THE VIDEOGRAPHER:  Will the court reporter

6   please swear in the witness and his interpreter,

7   Catalina Johnson.

8                    (Interpreter and Witness

9                     sworn.)

10  WHEREUPON:

11                 CATALINA JOHNSON,

12  called as an interpreter herein, was sworn to

13  interpret all of the questions from English to

14  Spanish and all of the answers from Spanish to

15  English.

16            JUAN ANTONIO GALLEGOS-SANCHEZ,

17  called as a witness herein, having been first duly

18  sworn, was examined and testified as follows:

19                 DIRECT EXAMINATION

20  BY MR. BLOCK:

21      Q.   Good morning.

22      A.   Good morning.

23      Q.   Can you please state your name?

24      A.   Juan Antonio Gallegos-Sanchez.

25      Q.   Where were you born?

6

1       A.      In Mexico.

2       Q.      Are you a citizen of Mexico?

3       A.      Yes.

4       Q.      Are you a citizen of any other country?

5       A.      No.

6       Q.      Are you in the United States legally?

7       A.      No.

8       Q.      How did you enter -- excuse me.

9               When did you enter the United States?

10      A.      '92.

11      Q.      How did you enter the country?

12      A.      Through El Paso, Texas.

13      Q.      Did you cross the border on foot?

14      A.      Yes.

15      Q.      Did someone help you cross the border?

16      A.      Yes.

17      Q.      Did you pay that person?

18      A.      Yes.

19      Q.      How much did you pay them?

20      A.      600.

21      Q.      Dollars?

22      A.      Yes.

23      Q.      What did you do after you entered the

24      United States?

25      A.      Work.

1

1          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
2                  EASTERN DIVISION

3

4    UNITED STATES OF AMERICA,      )   **ORIGINAL**
                                    )
5              Plaintiff,           )
                                    )
6         vs.                       )   No. 08 CR 215
                                    )
7    KONSTANTINOS ALEXOPOULOS,      )   Hon. Amy J. St. Eve
                                    )
8              Defendant.           )

9

10           The videotaped interpreted deposition of

11   ISMAEL LOPEZ-MENDOZA, taken pursuant to the Federal

12   Rules of Civil Procedure of the United States

13   District Courts pertaining to the taking of

14   depositions, taken before Lisa R. Lisit, a Notary

15   Public within and for the County of Cook and State

16   of Illinois, and a Certified Shorthand Reporter of

17   said State, taken at 219 South Dearborn Street,

18   Suite 500, Chicago, Illinois, on March 26, 2008, at

19   the hour of 12:14 p.m.

20

21

22

23

24

25

5

1     MR. MINKUS:  Jonathan Minkus for the

2  defendant.

3     MR. KENNEDY:  I'm John Kennedy for the

4  material witness, Ismael Lopez-Mendoza.

5     THE VIDEOGRAPHER:  Will the court reporter

6  please swear in the witness and his interpreter,

7  Catalina Johnson.

8                    (Interpreter and Witness

9                     sworn.)

10  WHEREUPON:

11                 CATALINA JOHNSON,

12  called as an interpreter herein, was sworn to

13  interpret all of the questions from English to

14  Spanish and all of the answers from Spanish to

15  English.

16                 ISMAEL LOPEZ-MENDOZA,

17  called as a witness herein, having been first duly

18  sworn, was examined and testified as follows:

19                 DIRECT EXAMINATION

20  BY MR. BLOCK:

21     Q.   Good afternoon.  Will you please state

22  your name?

23     A.   Ismael Lopez-Mendoza.

24     Q.   Where were you born?

25     A.   Guatemala.

6

1    Q.    Are you a citizen of Guatemala?

2    A.    Yes, I am a citizen there.

3    Q.    Are you a citizen of any other country?

4    A.    No.

5    Q.    Where in Guatemala were you born?

6    A.    In the north part.

7    Q.    Have you ever lived in Mexico?

8    A.    Yes, for a while.

9    Q.    When was that?

10    A.    Twelve years ago.

11    Q.    Are you in the United States legally?

12    A.    No.

13    Q.    When did you enter the United States?

14    A.    1999.

15    Q.    How did you enter the country?

16    A.    I came with another friend.

17    Q.    Did you cross the border on foot?

18    A.    Yes.

19    Q.    From where?

20    A.    Arizona.

21    Q.    Did anyone help you cross the border?

22    A.    No, just me and my friend.

23    Q.    What did you do after you entered the

24    country?

25    A.    I started to work.

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
CORTEZ-Martinez, Jenaro             )
                                     )    IN REMOVAL PROCEEDINGS
            Respondent               )    FILE NO. A77 657 658
                                     )
_____          )

## STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, Jenaro CORTEZ-Martinez, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.  I am at least 18 years of age.

2.  I acknowledge service of the Notice to Appear dated 02/20/08 that my full, true, and correct name is stated thereon, and that this document relates to me.

3.  I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.  I have also been provided a copy of the *List of Free Legal Services Providers*.

    (Circle a or b:)

    J·C·M  (a)    I hereby waive my right to be represented in this matter.

    b.    I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.  My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States.  I

understand these rights and waive further explanation by the Court.

5.  I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing and verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.  I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7.  I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.  I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.  I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

Jenaro CORTEZ-Martinez

_____        _____        _____
[NAME OF RESPONDENT]                          (SIGNATURE)                                    (DATE)

CERTIFICATION          OF          IMMIGRATION          OFFICER

I certify that this document has been read and explained by me to the respondent in the SPANISH language which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

Angus P. Lowe Special Agent
_____        _____    _____
[NAME & TITLE OF IMMIGRATION OFFICER]         (SIGNATURE OF OFFICER)         (DATE)

CERTIFICATION          OF          INTERPRETER          (IF          ANY)

I       hereby certify that I interpreted the above document to the respondent from English into        and certify that I am competent in both English and        to render such interpretation.

_____        _____    _____
[NAME OF INTERPRETER]                          (SIGNATURE OF INTERPRETER)      (DATE)

CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

_____        _____    _____
[NAME OF ATTORNEY]                              (SIGNATURE)                  (DATE)

CONCURRENCE    OF    IMMIGRATION    AND    CUSTOMS    ENFORCEMENT

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____         _____
     CHIEF DISTRICT COUNSEL                    DATE    4/2/08

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
CORTEZ-Martinez, Jenaro             )
                                     )
A77 657 658                          )        IN REMOVAL PROCEEDINGS
                                     )
                 Respondent.         )
_____

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

<u>ON BEHALF OF RESPONDENT:</u>

<u>ON BEHALF OF SERVICE:</u>

Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 2/20/08, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein she waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that she is ineligible for or has made no application for relief from removal proceedings which would allow her to remain in the United States, but instead requests issuance of an order by this Court for her removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____4/3/08_____
Date

_____
Immigration Judge

U.S. Department of Justice
Immigration and Naturalization Service

Wa ...nt of Removal/Deportation

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY., 4th FLOOR
CHICAGO, IL  60605

File No:  A77 657 658

Date:  APRIL 3, 2008

**To any officer of the United States Immigration and Naturalization Service:**

| Jenaro | CORTEZ-Martinez |
|---|---|
| | (Full name of alien) |

who entered the United States at ____DOUGLAS, AZ____ on ____JULY 1, 2007____
                                          (Place of entry)                                      (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT..........

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

STIPULATED REMOVALS

(Signature of INS official)

GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)

APRIL 3, 2008, CHICAGO, IL
(Date and office location)

Form I-205 (Rev. 4-1-97) N

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
LOPEZ-Mendoza, Ismael                )    IN REMOVAL PROCEEDINGS
                                     )    FILE NO. A77 657 661
              Respondent             )
_____       )

### STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, Ismael LOPEZ-Mendoza, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.   I am at least 18 years of age.

2.   I acknowledge service of the Notice to Appear dated 02/20/2008 that my full, true, and correct name is stated thereon, and that this document relates to me.

3.   I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

     (Circle a or b:)



          a.   I hereby waive my right to be represented in this matter.

     b.   I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.   My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States.   I

understand these rights and waive further explanation by the Court.

5.  I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.  I admit that I am a national of Guatemala and a citizen of Guatemala and that I am not a citizen or national of the United States.

7.  I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.  I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.  I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Guatemala as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

Ismael LOPEZ-Mendoza

_Ismael Lopez mendoza_                    2/20/08

**[NAME OF RESPONDENT]**     (SIGNATURE)            (DATE)

CERTIFICATION    OF    IMMIGRATION    OFFICER

I certify that this document has been read and explained by me to the respondent in the SPANISH language which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

_Angus P. Camp S/A_                _signature_                _2/20/08_
**[NAME & TITLE OF IMMIGRATION OFFICER]**    (SIGNATURE OF OFFICER)    (DATE)

CERTIFICATION    OF    INTERPRETER    (IF    ANY)

I        hereby certify that I interpreted the above document to the respondent from English into        and certify that I am competent in both English and        to render such interpretation.

**[NAME OF INTERPRETER]**        (SIGNATURE OF INTERPRETER)    (DATE)

CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

**[NAME OF ATTORNEY]**        (SIGNATURE)    (DATE)

CONCURRENCE    OF    IMMIGRATION    AND    CUSTOMS    ENFORCEMENT

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____        DATE _____
    CHIEF DISTRICT COUNSEL

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
LOPEZ-Mendoza, Ismael                )
                                     )        IN REMOVAL PROCEEDINGS
A77 657 661                          )
                       Respondent.   )
_____

**CHARGES:**  Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:**  None

<u>ON BEHALF OF RESPONDENT:</u>                    <u>ON BEHALF OF SERVICE:</u>

                                          Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 2/20/08, the respondent is charged with being removable as indicated above.  The respondent has submitted a statement wherein she waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear.  The respondent concedes that she is ineligible for or has made no application for relief from removal proceedings which would allow her to remain in the United States, but instead requests issuance of an order by this Court for her removal to the country of Guatemala. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States.  Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing.  Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Guatemala on the charges contained in the Notice to Appear.

_____4/2/08_____            _____
Date                            Immigration Judge

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
Marcos TORRES                        )      IN REMOVAL PROCEEDINGS
                                     )      FILE NO. A77 657 636
              Respondent             )
                                     )
_____      )

## STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, **Marcos TORRES**, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.   I am at least 18 years of age.

2.   I acknowledge service of the Notice to Appear dated 02/26/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.   I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

(Circle a or b:)

MT  a.   I hereby waive my right to be represented in this matter.

     b.   I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.    My right       these proceedings have       en fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5.    I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.    I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7.    I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.    I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.    I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10.   I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11.   I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will pt a written order for removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

**Marcos TORRES**
_____     ⟨ _MARCOS TORRES_ ⟩     02/26/2008
[NAME OF RESPONDENT]            (SIGNATURE)                    _____
                                                              (DATE)

_CERTIFICATION        OF        IMMIGRATION        OFFICER_

I certify that this document has been read and explained by me to the respondent in the SPANISH language which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

Ben Bauman, Special Agent                                          02/26/2008
_____        _____        _____
[NAME & TITLE OF IMMIGRATION OFFICER]        (SIGNATURE OF OFFICER)        (DATE)


_CERTIFICATION        OF        INTERPRETER        (IF        ANY)_

I _____ hereby certify that I interpreted the above document to the respondent from English into Spanish and certify that I am competent in both English and Spanish to render such interpretation.


_____        _____        _____
[NAME OF INTERPRETER]        (SIGNATURE OF INTERPRETER)        (DATE)


_CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)_


_____        _____        _____
[NAME OF ATTORNEY]        (SIGNATURE)        (DATE)


_CONCURRENCE        OF        IMMIGRATION        AND        CUSTOMS        ENFORCEMENT_

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.


BY: _____
        CHIEF DISTRICT COUNSEL                        DATE _____

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
**Marcos TORRES**                    )
                                     )          IN REMOVAL PROCEEDINGS
A77 657 636                          )
                          Respondent. )
_____)

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF RESPONDENT:                ON BEHALF OF SERVICE:

                                        Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/26/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination the alien's removability from the United States. Based upon t respondent's admissions, the charges of removal are sustained evidence that is clear and convincing. Appeal has been waived by parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from United States to Mexico on the charges contained in the Notice to Appear.

_____4/2/08_____
Date                                    _____
                                        Immigration Judge

**Warrant of Removal/Depo**

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY., 4th FLOOR
CHICAGO, IL  60605

File No:   A77 657 636

Date:   APRIL 3, 2008

**To any officer of the United States Immigration and Naturalization Service:**

| Marcos | TORRES |
|---|---|
| | (Full name of alien) |

who entered the United States at _____ DOUGLAS, AZ _____ on _____ APRIL 1, 2002
                                                            (Place of entry)                                                  (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT........

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the  laws of  the United States  and by his or her direction,  command you to take into custody  and  remove from the United States the above-named alien,  pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

STIPULATED  REMOVALS

_____
(Signature of INS official)

GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)

APRIL 3, 2008, CHICAGO, IL
(Date and office location)

Form I-205 (Rev. 4-1-97) N

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
GALLEGOS-SANCHEZ, JUAN               )      IN REMOVAL PROCEEDINGS
                                     )      FILE NO. A077 657 638
                Respondent           )
                                     )
_____    )

STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF
REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, **GALLEGOS-SANCHEZ, JUAN**, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.    I am at least 18 years of age.

2.    I acknowledge service of the Notice to Appear dated 2/26/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.    I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

      (Circle a or b:)

JSG

      a.    I hereby waive my right to be represented in this matter.

      b.    I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.    My rights in these proceedings have been fully explained to me by the undersigned immigration officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to

evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5. I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6. I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7. I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8. I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9. I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

J.95

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

GALLEGOS-SANCHEZ, JUAN

_____     _Juan Gallegos S_     02/26/2008

[NAME OF RESPONDENT]          (SIGNATURE)              (DATE)

CERTIFICATION          OF          IMMIGRATION          OFFICER

I certify that this document has been read and explained by me to the respondent in the Spanish language, which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

Maribel Covarrubias, Special Agent                                    2/26/2008

_____          _____          _____
NAME & TITLE OF IMMIGRATION OFFICER      (SIGNATURE OF OFFICER)              (DATE)

CERTIFICATION OF INTERPRETER (IF ANY)

I _____ hereby certify that I interpreted the above document to the respondent from Spanish into and certify that I am competent in both Spanish and _____ to render such interpretation.

_____          _____          _____
[NAME OF INTERPRETER]                    (SIGNATURE OF INTERPRETER)          (DATE)

CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

_____          _____          _____
[NAME OF ATTORNEY]                       (SIGNATURE)                        (DATE)

CONCURRENCE OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____          4/1/08
    ASSISTANT DISTRICT COUNSEL             _____
                                              DATE

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:

GALLEGOS-SANCHEZ, JUAN

)
)
)
)

_____ Respondent. _____

)
)

IN REMOVAL PROCEEDINGS
A077 657 638

CHARGES:

RELIEF APPLICATION:  None

ON BEHALF OF RESPONDENT:

ON BEHALF OF SERVICE:

Assistant District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on  **2/26/2008**  respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein **he** waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that she is ineligible for or has made no application for relief from removal proceedings, which would allow **him** to remain in the United States, but instead requests issuance of an order by this Court for **him** removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____
Date

_____
Immigration Judge

U.S. Department of Justice
Immigration and Naturalization Service

**Warrant of Removal/Deportation**

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY, 4th FLOOR
CHICAGO, IL  60605

File No:  A77 657 638

Date:  APRIL 3, 2008

**To any officer of the United States Immigration and Naturalization Service:**

| Juan Antonio | GALLEGOS-Sanchez  Numerous AKA's (FBI #352027FB5) |
|---|---|
| | (Full name of alien) |

who entered the United States at _____ EL PASO, TX _____ on _____ MARCH 15, 1994
(Place of entry)                          (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT.....
SECTION 212(a)(2)(A)(i)(II) OF THE IMMIGRATION AND NATIONALITY ACT..

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

STIPULATED REMOVALS

_____
(Signature of INS official)
GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)
APRIL 3, 2008, CHICAGO, IL
(Date and office location)

Form I-205 (Rev. 4-1-97) N



DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
**Fermin Buenaventura-Valero**       )      IN REMOVAL PROCEEDINGS
                                     )      FILE NO. A77 657 657
                    Respondent )
_____ )

## STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, **Fermin Buenaventura-Valero**, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.   I am at least 18 years of age.

2.   I acknowledge service of the Notice to Appear dated 02/20/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.   I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

(Circle a or b:)

*FBV*

a.)   I hereby waive my right to be represented in this matter.

b.   I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.   My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my

*FBV*

demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5. I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6. I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7. I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8. I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9. I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, *de novo* review of a termination of conditional resident status, *de novo* review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special

permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' is true and correct, and that I signed this document under the pains and penalties of perjury.

Fermin Buenaventura-Valero                           02/20/2008

_Fermin Buenaventura V_____   _____

[NAME OF RESPONDENT]          (SIGNATURE)              (DATE)

_CERTIFICATION   OF   IMMIGRATION   OFFICER_

I certify that this document has been read and explained by me to the respondent in the SPANISH language, which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

MARIBEL COVARRUBIAS   SPECIAL Agent

**[NAME & TITLE OF IMMIGRATION OFFICER]**   (SIGNATURE OF OFFICER)   2/20/08 (DATE)

_CERTIFICATION   OF   INTERPRETER   (IF   ANY)_

I        hereby certify that I interpreted the above document to the respondent from English into        and certify that I am competent in both English and        to render such interpretation.

**[NAME OF INTERPRETER]**        (SIGNATURE OF INTERPRETER)        (DATE)

_CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)_

**[NAME OF ATTORNEY]**        (SIGNATURE)        (DATE)

_CONCURRENCE   OF   IMMIGRATION   AND   CUSTOMS   ENFORCEMENT_

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____

CHIEF DISTRICT COUNSEL        DATE _____

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                      )
                                       )
**Fermin Buenaventura-Valero**          )
                                       )        IN REMOVAL PROCEEDINGS
A77 657 657            )               )
_____Respondent._____)

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF RESPONDENT:

                                    ON BEHALF OF SERVICE:

                                    Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/20/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings, which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____          _____
Date                             Immigration Judge

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY., 4th FLOOR
CHICAGO, IL 60605

| | |
|---|---|
| File No: | A77 657 657 |
| Date: | APRIL 3, 2008 |

## To any officer of the United States Immigration and Naturalization Service:

Fermin                                    BUENAVENTURA-Valero
(Full name of alien)

who entered the United States at _____ SAN YSIDRO, CA _____ on _____ MAY 1, 1997 _____
                                         (Place of entry)                              (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT.....

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

_____
(Signature of INS official)
GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)
APRIL 3, 2008, CHICAGO, IL
(Date and office location)

STIPULATED REMOVALS

Form I-205 (Rev. 4-1-97) N

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
**Miguel Angel DE ARCOS**            )        IN REMOVAL PROCEEDINGS
                                     )        FILE NO. A77 657 637
                    Respondent       )
_____      )
                                     )

**STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF
REMOVAL, WAIVER OF APPEARANCE AND HEARING**

I, Miguel Angel DE ARCOS, respondent in the above entitled
proceedings, being fully advised of my rights, hereby voluntarily,
knowingly and intelligently enter into the following stipulations
pursuant to 8 C.F.R. § 3.25(b):

1.    I am at least 18 years of age.

2.    I acknowledge service of the Notice to Appear dated
      02/26/2008, that my full, true, and correct name is stated
      thereon, and that this document relates to me.

3.    I have been advised of my right to be represented by a
      lawyer or other person qualified to represent aliens in
      immigration proceedings at no expense to the government of
      the United States.   I have also been provided a copy of
      the *List of Free Legal Services Providers*.

      (Circle a or b:)

      (a.)  I hereby waive my right to be represented in this
            matter.

      b.    I am represented in this matter by an attorney or
            accredited representative whose EOIR-28 is
            attached.

4.    My rights in these proceedings have been fully explained
      to me by the undersigned ICE officer. I am aware that in a
      removal   hearing   I   would   have   the   right   to   question
      government witnesses, object to evidence offered by the
      government, offer evidence of my own, call witnesses on my
      behalf, and demand that the government prove by clear and
      convincing evidence that I am removable from the United
      States or that I must prove that I am clearly and beyond a

doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5.  I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing and verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.  I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7.  I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.  I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.  I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10.  I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11.  I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12.  I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13.  I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal

reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

Miguel Angel DE ARCOS

_____     _____     02/26/2008
[NAME OF RESPONDENT]                 (SIGNATURE)                          _____
                                                                          (DATE)

CERTIFICATION     OF     IMMIGRATION     OFFICER

I certify that this document has been read and explained by me to the respondent in the SPANISH language which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

Andrea Huttenlocker, Special Agent     _____     02/26/2008

[NAME & TITLE OF IMMIGRATION OFFICER]     (SIGNATURE OF OFFICER)     (DATE)


CERTIFICATION     OF     INTERPRETER     (IF     ANY)

I Andrea Huttenlocker hereby certify that I interpreted the above document to the respondent from English into Spanish and certify that I am competent in both English and Spanish to render such interpretation.

Andrea Huttenlocker     _____     02/26/2008

[NAME OF INTERPRETER]     (SIGNATURE OF INTERPRETER)     (DATE)


CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)


[NAME OF ATTORNEY]     (SIGNATURE)     (DATE)


CONCURRENCE   OF   IMMIGRATION   AND   CUSTOMS   ENFORCEMENT

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.


BY: _____

CHIEF DISTRICT COUNSEL          DATE _____

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
Miguel Angel DE ARCOS                )
                                     )
A77 657 637                          )          IN REMOVAL PROCEEDINGS
                         )
_____ Respondent.     )

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

                                     Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/26/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____          _____
Date                                      Immigration Judge

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
Miguel Angel DE ARCOS                )
                                     )
A77 657 637                          )        IN REMOVAL PROCEEDINGS
                          )
_____Respondent.___)

CHARGES:  Section(s) 212(a)(6)(A)(i)  of  the  Immigration  and  Nationality
Act

RELIEF APPLICATION:  None

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

                                     Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant  to  the  Notice  to  Appear  issued  on  02/26/2008,  the
respondent  is  charged  with  being  removable  as  indicated  above.  The
respondent  has  submitted  a  statement  wherein  he  waives  a  personal
hearing before the Immigration Judge, and admits the truthfulness of the
allegations  and  the  charges  contained  in  the  Notice  to  Appear.  The
respondent concedes that he is ineligible for or has made no application
for relief from removal proceedings which would allow him to remain in
the United States, but  instead requests issuance of an order by this
Court  for  his  removal  to  the  country  of  Mexico.  The  Department  of
Homeland Security concurs with the request.

A  stipulated  order  shall  constitute  a  conclusive  determination  of
the  alien's  removability  from  the  United  States.  Based  upon  the
respondent's  admissions,  the  charges  of  removal  are  sustained  by
evidence that is clear and convincing.  Appeal has been waived by the
parties.

Accordingly, the following Order shall be entered:

ORDER:  IT  IS  HEREBY  ORDERED  that  the  respondent  be  REMOVED  from  the
United States to Mexico on the charges contained in
the Notice to Appear.

_____4/2/08_____              _____
Date                                    Immigration Judge

# Warrant of Removal/Deportation

File No:  A77 657 637

Date:  APRIL 3, 2008

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY., 4th FLOOR
CHICAGO, IL  60605

**To any officer of the United States Immigration and Naturalization Service:**

Miguel Angel     DE ARCOS
(Full name of alien)

who entered the United States at _____ SASABE, AZ _____ on _____ UNKNOWN _____
                                   (Place of entry)                        (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT..........

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the  laws of  the United States  and by his or her direction,  command you to take into custody  and  remove from the United States the above-named  alien,  pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

STIPULATED REMOVALS

_____
(Signature of INS official)

GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)

APRIL 3, 2008, CHICAGO, IL
(Date and office location)

Form I-205 (Rev. 4-1-97) N

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

| | |
|---|---|
| IN THE MATTER OF ) | |
| ) | IN REMOVAL PROCEEDINGS |
| ) | |
| CASTRO-Fausto, Guadencio ) | A-FILE NO.   A77 657 659 |
| ) | |
| ) | |
| ) | |

## STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, Guadencio CASTRO-Fausto, respondent in the above-entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly, and intelligently enter into the following stipulations pursuant to 8 C.F.R. Section 3.25(b):

1. I am at least 18 years of age.

2. I acknowledge service of the Notice to Appear dated **02/20/2008** that my full, true, and correct name is stated thereon, and that this document relates to me.

3. I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States. I have also been provided a copy of the *List of Free Legal Services Providers*.

(Circle a or b:)

a. I hereby waive my right to be represented in this matter.
b. I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

G.C.F.

4. My rights in these proceedings have been fully explained to me by the undersigned immigration officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5. I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6. I admit that I am a national of **Mexico** and a citizen of **Mexico** and that I am not a citizen or national of the United States.

7. I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8. I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9. I request that **Mexico** be designed as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the Untied States to **Mexico** as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that my accepting of an order of removal, I cannot return to the United States for at least ten (10) years without special permission. If I have been convicted of an aggravated felony, I understand that I may not legally return to the United States at any time without special permission from the Attorney General. I also understand that returning without special permission from the Attorney General could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been ready and explained to me in its entirety by the under signed immigration officer in the Spanish language.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for this execution of this stipulation.

16. I will accept a written order for my removal from the United States to **Mexico** as a final disposition for these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

 Guadencio CASTRO-Fausto 
[NAME OF RESPONDENT]          [SIGNATURE OF RESPONDENT]          2/20/08
                                                                  [DATE]

## CERTIFICATION OF IMMIGRATION OFFICER

I certify that this document has been read and explained by me to the respondent in the Spanish language that the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

___Dennis J. Kingsley, SSA___
[NAME & TITLE OF IMMIGRATION OFFICER]

[SIGNATURE OF OFFICER]

2/20/08
[DATE]

## CERTIFICATION OF INTERPRETER (IF ANY)

I _____ hereby certify that I interpreted the above document to the respondent from English into _____ and certify that I am competent in both English and _____ to render such interpretation.

[NAME OF INTERPRETER]

[SIGNATURE OF INTERPRETER]

[DATE]

## CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

[NAME OF ATTORNEY]

[SIGNATURE OF ATTORNEY]

[DATE]

## CONCURRENCE OF THE IMMIGRATION AND NATURALIZATION SERVICE

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____

[ASSISTANT DISTRICT COUNSEL]

[DATE]



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

**IN THE MATTER OF:**                              )
                                                   )
**CASTRO-Fausto, Guadencio**                       )     IN REMOVAL PROCEEDINGS
                                                   )
A77 657 659                                        )
                                                   )

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF THE RESPONDENT:

Pro Se

ON BEHALF OF THE SERVICE:

Assistant District Counsel
55 East Monroe
Chicago, Illinois 60604

## DECISION ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on **02/20/2008**, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits that truthfulness of the allegations and the charges contained in the notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings that would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of **Mexico**. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. An appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to **Mexico** on the charges contained in the Notice to Appear.

_____
[DATE]    4/2/08

_____
Immigration Judge

# Warrant of Removal/Deportation

File No:   A77 657 659

Date:   APRIL 3, 2008

DEPARTMENT OF HOMELAND SECURITY
ICE / DRO
101 W. CONGRESS PKWY., 4th FLOOR
CHICAGO, IL  60605

**To any officer of the United States Immigration and Naturalization Service:**

| Guadencio | CASTRO-Fausto |
|---|---|
| | (Full name of alien) |

who entered the United States at _____ DOUGLAS, AZ _____ on _____ JULY 31, 2007 _____
(Place of entry)                                    (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

SECTION 212(a)(6)(A)(i) OF THE IMMIGRATION AND NATIONALITY ACT.........

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:

THE APPROPRIATIONS, "SALARIES AND EXPENSES OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, FY 2008."

STIPULATED REMOVALS

_____
(Signature of INS official)

GLENN TRIVELINE, ACTING FIELD OFFICE DIRECTOR
(Title of INS official)

APRIL 3, 2008, CHICAGO, IL
(Date and office location)

Form I-205 (Rev. 4-1-97) N

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                )
                                 )
**Florencio Chapol-Fiscal**          )     IN REMOVAL PROCEEDINGS
                                 )     FILE NO. A77 657 660
                    Respondent )
_____      )

### STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, **Florencio Chapol-Fiscal**, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.  I am at least 18 years of age.

2.  I acknowledge service of the Notice to Appear dated 02/20/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.  I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

    (Circle a or b:)

    Aliens mark

    a.  I hereby waive my right to be represented in this matter.

    b.  I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.  My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my

behalf, a . demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5.  I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.  I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7.  I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.  I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.  I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, *de novo* review of a termination of conditional resident status, *de novo* review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special

permission from the Attorney General, Department of
Justice could result in further removal proceedings and/or
criminal prosecution, and that a conviction for illegal
reentry may result in the imposition of a prison sentence
of up to twenty (20) years.

14. This ``Stipulated Request for Issuance of Final Order of
Removal, Waiver of Appearance and Hearing'' has been read
and explained to me in its entirety by the undersigned
immigration officer in the SPANISH language, which I
understand.

15. I acknowledge that this stipulation contains the entire
agreement of the parties and that no other promises or
inducements have been given to me in return for the
execution of this stipulation.

16. I will accept a written order for my removal from the
United States to Mexico as a final disposition of these
proceedings, and waive my rights to appeal this removal
order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated
request for removal voluntarily, knowingly, and
intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in
this ``Stipulated Request for Issuance of Final Order of
Removal, Waiver of Appearance and Hearing'' is true and
correct, and that I signed this document under the pains
and penalties of perjury.

Florencio Chapol-Fiscal                                          02/20/2008

_____        _____        _____
[NAME OF RESPONDENT]               (SIGNATURE)   *Alien's*        (DATE)
                                                 *mark*

CERTIFICATION      OF      IMMIGRATION      OFFICER

I certify that this document has been read and explained by me to
the respondent in the SPANISH language, which the respondent
understands and have provided the respondent with a complete copy
of this document and attachments, if any.

Thomas Sebens, SSA
[NAME & TITLE OF IMMIGRATION OFFICER]        (SIGNATURE OF OFFICER)        2-20-08
                                                                          (DATE)

CERTIFICATION      OF      INTERPRETER      (IF      ANY)

I      hereby certify that I interpreted the above document to the
respondent from English into _____ and certify that I am competent
in both English and _____ to render such interpretation.

_____
[NAME OF INTERPRETER]              (SIGNATURE OF INTERPRETER)      (DATE)

CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

_____
[NAME OF ATTORNEY]                 (SIGNATURE)                     (DATE)

CONCURRENCE      OF      IMMIGRATION      AND      CUSTOMS      ENFORCEMENT

The Service will accept a written order of Respondent's removal as
a final disposition of these removal proceedings and waives its
right to appeal.

BY: _____        4/1/08
    CHIEF DISTRICT COUNSEL                   DATE _____

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:            )
                            )
Florencio Chapol-Fiscal      )
                            )
A77 657 660                  )        IN REMOVAL PROCEEDINGS
                  )
                  Respondent.    )
_____    )

CHARGES:  Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

RELIEF APPLICATION:  None

ON BEHALF OF RESPONDENT:            ON BEHALF OF SERVICE:

                                    Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/20/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings, which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____
Date          9/2/08

_____
                                    Immigration Judge

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS


IN THE MATTER OF:                )
                                 )
**Efrain Escriban-Belli**        )    IN REMOVAL PROCEEDINGS
                                 )    FILE NO. A77 657 662
                  Respondent)
_____   )


### STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING


I, **Efrain Escriban-Belli**, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):


1.  I am at least 18 years of age.

2.  I acknowledge service of the Notice to Appear dated 02/20/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.  I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.    I have also been provided a copy of the *List of Free Legal Services Providers*.

    (Circle a or b:)



    (a.)  I hereby waive my right to be represented in this matter.

    b.    I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.


4.  My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my

behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5. I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6. I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7. I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8. I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9. I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special

permission from the Attorney General, . artment of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this ``Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing'' is true and correct, and that I signed this document under the pains and penalties of perjury.

Efrain Escriban-Belli                                                          02/20/2008

_____         _____        _____
[NAME OF RESPONDENT]              (SIGNATURE)                      (DATE)
                                  X
                                  Aliens
                                  mark

*CERTIFICATION      OF      IMMIGRATION      OFFICER*

I certify that this document has been read and explained by me to the respondent in the SPANISH language, which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

Thomas Sebens, SSA
**[NAME & TITLE OF IMMIGRATION OFFICER]**            (SIGNATURE OF OFFICER)            2-20-08
                                                                                                      (DATE)

*CERTIFICATION      OF      INTERPRETER      (IF      ANY)*

I      hereby certify that I interpreted the above document to the respondent from English into      and certify that I am competent in both English and      to render such interpretation.

**[NAME OF INTERPRETER]**            (SIGNATURE OF INTERPRETER)            (DATE)

*CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)*

**[NAME OF ATTORNEY]**            (SIGNATURE)            (DATE)

*CONCURRENCE      OF      IMMIGRATION      AND      CUSTOMS      ENFORCEMENT*

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____
            CHIEF DISTRICT COUNSEL            DATE _____

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
**Efrain Escriban-Belli**            )
                                     )
A77 657 662                          )         IN REMOVAL PROCEEDINGS
                        Respondent.  )
_____

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF RESPONDENT:                   ON BEHALF OF SERVICE:

                                           Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/20/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings, which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____          _____
4/2/08
Date                                    Immigration Judge

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF )
)
) IN REMOVAL PROCEEDINGS
)
TOTO-Cholo, Andres ) A-FILE NO.   A77 657 656
)
)
)

## STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, Andres TOTO-Cholo, respondent in the above-entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly, and intelligently enter into the following stipulations pursuant to 8 C.F.R. Section 3.25(b):

1. I am at least 18 years of age.

2. I acknowledge service of the Notice to Appear dated 02/20/2008 that my full, true, and correct name is stated thereon, and that this document relates to me.

3. I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States. I have also been provided a copy of the *List of Free Legal Services Providers.*

(Circle a or b:)



a. I hereby waive my right to be represented in this matter.
b. I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4. My rights in these proceedings have been fully explained to me by the undersigned immigration officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5. I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6. I admit that I am a national of **Mexico** and a citizen of **Mexico** and that I am not a citizen or national of the United States.

7. I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8. I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9. I request that **Mexico** be designed as my country of removal. I have no fear of returning to that country.

10. I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, *de novo* review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11. I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the Untied States to **Mexico** as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that my accepting of an order of removal, I cannot return to the United States for at least ten (10) years without special permission. If I have been convicted of an aggravated felony, I understand that I may not legally return to the United States at any time without special permission from the Attorney General. I also understand that returning without special permission from the Attorney General could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been ready and explained to me in its entirety by the under signed immigration officer in the Spanish language.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for this execution of this stipulation.

16. I will accept a written order for my removal from the United States to **Mexico** as a final disposition for these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

| Andres TOTO-Cholo | | 2/20/08 |
|---|---|---|
| [NAME OF RESPONDENT] | [SIGNATURE OF RESPONDENT] | [DATE] |

## CERTIFICATION OF IMMIGRATION OFFICER

I certify that this document has been read and explained by me to the respondent in the Spanish language that the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

___Dennis J. Kingsley, SSA___
[NAME & TITLE OF IMMIGRATION OFFICER]

_____
[SIGNATURE OF OFFICER]

___2/20/08___
[DATE]

## CERTIFICATION OF INTERPRETER (IF ANY)

I _____ hereby certify that I interpreted the above document to the respondent from English into _____ and certify that I am competent in both English and _____ to render such interpretation.

_____
[NAME OF INTERPRETER]

_____
[SIGNATURE OF INTERPRETER]

_____
[DATE]

## CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

_____
[NAME OF ATTORNEY]

_____
[SIGNATURE OF ATTORNEY]

_____
[DATE]

## CONCURRENCE OF THE IMMIGRATION AND NATURALIZATION SERVICE

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _____
[ASSISTANT DISTRICT COUNSEL]

___4/1/08___
[DATE]

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                )
                                 )
TOTO-Cholo, Andres               )    IN REMOVAL PROCEEDINGS
                                 )
A77 657 656                      )
                                 )

**CHARGES:** Section(s) 212(a)(6)(A)(i) of the Immigration and Nationality Act

**RELIEF APPLICATION:** None

ON BEHALF OF THE RESPONDENT:              ON BEHALF OF THE SERVICE:

Pro Se
                                          Assistant District Counsel
                                          55 East Monroe
                                          Chicago, Illinois 60604

## DECISION ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on **02/20/2008**, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits that truthfulness of the allegations and the charges contained in the notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings that would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of **Mexico**. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. An appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to **Mexico** on the charges contained in the Notice to Appear.

_____4/2/08_____                    _____
[DATE]                                  Immigration Judge

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                    )
                                     )
**GUTIERREZ-Sanchez, Jesus**          )      IN REMOVAL PROCEEDINGS
                                     )  ·   FILE NO. A77 657 655
                    Respondent )
_____     )

### STIPULATED REQUEST FOR ISSUANCE OF FINAL ORDER OF REMOVAL, WAIVER OF APPEARANCE AND HEARING

I, GUTIERREZ-Sanchez, Jesus, respondent in the above entitled proceedings, being fully advised of my rights, hereby voluntarily, knowingly and intelligently enter into the following stipulations pursuant to 8 C.F.R. § 3.25(b):

1.  I am at least 18 years of age.

2.  I acknowledge service of the Notice to Appear dated 02/20/2008, that my full, true, and correct name is stated thereon, and that this document relates to me.

3.  I have been advised of my right to be represented by a lawyer or other person qualified to represent aliens in immigration proceedings at no expense to the government of the United States.   I have also been provided a copy of the *List of Free Legal Services Providers*.

    (Circle a or b:)

JG  (a.)   I hereby waive my right to be represented in this matter.

    b.   I am represented in this matter by an attorney or accredited representative whose EOIR-28 is attached.

4.   My rights in these proceedings have been fully explained to me by the undersigned ICE officer. I am aware that in a removal hearing I would have the right to question government witnesses, object to evidence offered by the government, offer evidence of my own, call witnesses on my behalf, and demand that the government prove by clear and convincing evidence that I am removable from the United States or that I must prove that I am clearly and beyond a doubt entitled to be admitted to the United States. I understand these rights and waive further explanation by the Court.

5.   I request that my removal proceedings be conducted completely on the written record without a hearing and specifically waive the requirement of a hearing recorded verbatim under 8 C.F.R. § 240.9. I further waive my right to have ten (10) days to prepare for said hearing. In the event that a hearing is scheduled in this matter, I request that my presence be waived.

6.   I admit that I am a national of Mexico and a citizen of Mexico and that I am not a citizen or national of the United States.

7.   I admit that each of the factual allegations contained in the Notice to Appear are true and correct.

8.   I concede that I am subject to removal from the United States as charged in the Notice to Appear.

9.   I request that Mexico be designated as my country of removal. I have no fear of returning to that country.

10.  I waive any right to make application for any relief from removal including, but not limited to, voluntary departure, asylum, adjustment of status, registry, de novo review of a termination of conditional resident status, de novo review of a denial or revocation of temporary protected status, cancellation of removal, or any other possible relief under the Immigration and Nationality Act.

11.  I agree that this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" will become part of the record of proceedings in my removal case. I further agree that the exhibits attached to this stipulated request, if any, relate to me and I do not object to them becoming part of the record of proceedings in this matter.

12. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

13. I understand that by accepting an order of removal, I cannot return to the United States legally for at least ten (10) years, or twenty (20) years if I have been convicted of an aggravated felony, without special permission from the Attorney General, Department of Justice. I also understand that returning without special permission from the Attorney General, Department of Justice could result in further removal proceedings and/or criminal prosecution, and that a conviction for illegal reentry may result in the imposition of a prison sentence of up to twenty (20) years.

14. This "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" has been read and explained to me in its entirety by the undersigned immigration officer in the SPANISH language, which I understand.

15. I acknowledge that this stipulation contains the entire agreement of the parties and that no other promises or inducements have been given to me in return for the execution of this stipulation.

16. I will accept a written order for my removal from the United States to Mexico as a final disposition of these proceedings, and waive my rights to appeal this removal order or to challenge it in any other proceedings.

17. I freely state that I have executed this stipulated request for removal voluntarily, knowingly, and intelligently, and fully understand its consequences.

18. I hereby certify that all the information contained in this "Stipulated Request for Issuance of Final Order of Removal, Waiver of Appearance and Hearing" is true and correct, and that I signed this document under the pains and penalties of perjury.

GUTIERREZ-Sanchez, Jesus                _Jesus Gutierrez_              02/20/2008
_____         _____      _____
[NAME OF RESPONDENT]                     (SIGNATURE)                   (DATE)

## CERTIFICATION OF IMMIGRATION OFFICER

I certify that this document has been read and explained by me to the respondent in the SPANISH language, which the respondent understands and have provided the respondent with a complete copy of this document and attachments, if any.

_____     _____     _____
[NAME & TITLE OF IMMIGRATION OFFICER]     (SIGNATURE OF OFFICER)     (DATE)

## CERTIFICATION OF INTERPRETER (IF ANY)

I       hereby certify that I interpreted the above document to the respondent from English into       and certify that I am competent in both English and       to render such interpretation.

_____     _____     _____
[NAME OF INTERPRETER]     (SIGNATURE OF INTERPRETER)     (DATE)

## CONCURRENCE OF RESPONDENT'S ATTORNEY (IF ANY)

_____     _____     _____
[NAME OF ATTORNEY]     (SIGNATURE)     (DATE)

## CONCURRENCE OF IMMIGRATION AND CUSTOMS ENFORCEMENT

The Service will accept a written order of Respondent's removal as a final disposition of these removal proceedings and waives its right to appeal.

BY: _Marc A. _____     DATE _4/2/08_
       CHIEF DISTRICT COUNSEL

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
CHICAGO, ILLINOIS

IN THE MATTER OF:                      )
                                       )
GUTIERREZ-Sanchez, Jesus               )
                                       )    IN REMOVAL PROCEEDINGS
A77 657 655                            )
                    Respondent.        )
_____      )

CHARGES: Section(s)212(a)(6)(A)(i) of the Immigration and Nationality Act

RELIEF APPLICATION: None

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

                                      Chief District Counsel

## DECISION AND ORDER OF THE IMMIGRATION JUDGE

Pursuant to the Notice to Appear issued on 02/20/2008, the respondent is charged with being removable as indicated above. The respondent has submitted a statement wherein he waives a personal hearing before the Immigration Judge, and admits the truthfulness of the allegations and the charges contained in the Notice to Appear. The respondent concedes that he is ineligible for or has made no application for relief from removal proceedings, which would allow him to remain in the United States, but instead requests issuance of an order by this Court for his removal to the country of Mexico. The Department of Homeland Security concurs with the request.

A stipulated order shall constitute a conclusive determination of the alien's removability from the United States. Based upon the respondent's admissions, the charges of removal are sustained by evidence that is clear and convincing. Appeal has been waived by the parties.

Accordingly, the following Order shall be entered:

ORDER: IT IS HEREBY ORDERED that the respondent be REMOVED from the United States to Mexico on the charges contained in the Notice to Appear.

_____         _____
Date                            Immigration Judge

Westlaw.

H.R. REP. 95-1651
H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

```
         P.L. 95-535, UNITED STATES COURTS-- MILEAGE EXPENSES FOR WITNESSES
                             SEE PAGE 92 STAT. 2033
                SENATE REPORT (JUDICIARY COMMITTEE) NO. 95-756, APR. 25,
                           1978 (TO ACCOMPANY S. 2049)
                HOUSE REPORT (JUDICIARY COMMITTEE) NO. 95-1651, SEPT. 28,
                           1978 (TO ACCOMPANY S. 2049)
                            CONG. RECORD VOL. 124 (1978)
                        DATES OF CONSIDERATION AND PASSAGE
                        SENATE APRIL 27, OCTOBER 13, 1978
                              HOUSE OCTOBER 12, 1978
                           THE HOUSE REPORT IS SET OUT.
```

(CONSULT NOTE FOLLOWING TEXT FOR INFORMATION ABOUT OMITTED MATERIAL.  EACH
COMMITTEE REPORT IS A SEPARATE DOCUMENT ON WESTLAW.)

```
                            HOUSE REPORT NO. 95-1651
                                 SEPT. 28, 1978
```

**\*1 \*\*4631** THE COMMITTEE ON THE JUDICIARY, TO WHOM WAS REFERRED THE BILL  (S.
2049) TO ESTABLISH FEES AND ALLOW PER DIEM AND MILEAGE EXPENSES FOR WITNESSES BE-
FORE U.S. COURTS, HAVING CONSIDERED THE SAME, REPORT FAVORABLY THEREON WITH AN
AMENDMENT AND RECOMMEND THAT THE BILL AS AMENDED DO PASS.

```
              *           *           *           *
```

**\*2** PURPOSE OF BILL

 THE PURPOSE OF THE PROPOSED LEGISLATION IS TO REVISE FEES AND TRAVEL AND SUB-
SISTENCE ALLOWANCE ESTABLISHED IN 28 U.S.C. 1821. WITNESS FEES AND ALLOWANCES NOW
PROVIDED PURSUANT TO SECTION 1821, BECAUSE OF INFLATION, NO LONGER COMPENSATE THE
AVERAGE WITNESS FOR THE ACTUAL COSTS WHICH WITNESS SERVICE ENTAILS.  NOR DOES SEC-
TION 1821 PERMIT COMPENSATION FOR A VARIETY OF TRAVEL EXPENSES WHICH WITNESSES
ROUTINELY INCUR.  THE PROPOSED LEGISLATION WOULD ALLEVIATE THESE DIFFICULTIES BY
INCREASING ATTENDANCE FEES AND BY CHANGING THE METHOD OF COMPUTATION FOR TRAVEL
ALLOWANCES AND SUBSISTENCE PAY.

```
                                BACKGROUND
```

 ON THE EARLY DAYS OF THIS COUNTRY, CONGRESS PROVIDED COMPENSATION FOR WITNESSES
ATTENDING IN THE COURTS OF THE UNITED STATES.  (SEE FOR EXAMPLE, ACT OF MAY 8,
1792, C.36, SEC 3, 1 STAT. 277; ACT OF JUNE 1, 1796, C. 48, SEC 2, 1 STAT. 492;
ACT OF FEBRUARY 28, 1979, C.19, C.19, SEC. 6, 1 STAT. 626.) IN 1853, CONGRESS
PROVIDED FOR PAYMENT TO A WITNESS OF $1.50 A DAY WHILE ATTENDING COURT, AND SPE-
CIFICALLY INDICATED THAT A DETAINED WITNESS WAS TO BE PAID $1 A DAY OVER AND ABOVE

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)

**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**


HIS SUBSISTENCE.  (ACT OF FEBRUARY 26, 1853, C. 80 SEC. 3, 10 STAT. 167.) IN 1926,
CONGRESS ELIMINATED THE SPECIFIC PROVISIONS FOR COMPENSATION TO DETAINED WITNESSES
**\*3 \*\*4632** AND RAISED THE PER DIEM COMPENSATION FOR ATTENDANCE IN COURT TO $2.00.
(ACT OF APRIL 26, 1926, C.183, SECS. 1-3, 44 STAT. 323-324.)

    IN THE FOLLOWING FIVE DECADES, CONGRESS CHANGED THE LEVELS OF COMPENSATION ON
SEVERAL OCCASIONS.  BY ITS ACT OF JUNE 30, 1932, C.314, SEC. 323, 47 STAT. 413,
CONGRESS TEMPORARILY REDUCED THE FEES PAID WITNESSES TO $1.50.  IN 1942 THE DAILY
FEE ONCE AGAIN WAS INCREASED TO $2.  (ACT OF DECEMBER 24, 1942, C.825, SEC. 1, 56
STAT. 1088.) WHEN THE JUDICIAL CODE WAS REVISED IN 1948 THE PROVISION FOR PER DIEM
COMPENSATION ESSENTIALLY REMAINED THE SAME. (ACT OF JUNE 25, 1948, C.646, SEC.
1821, 62 STAT. 950.)

    IN 1949 THE DAILY FEE PAID TO WITNESSES WAS RAISED TO $4. (ACT OF MAY 10, 1949,
C.96, 63 STAT. 65.) THE 1949 ACT ALSO INCREASED SUBSISTENCE FEES AND TRAVEL ALLOW-
ANCES.  THE SENATE REPORT (S.R. NO. 187, REPRINTED AT 1949 U.S.CONG. AND ADM.NEWS
1231) STATED:

    THE AMOUNTS ARRIVED AT IN THIS BILL ARE CONSIDERED TO BE MORE FAIR THAN
PRESENTLY EXISTING AMOUNTS, ALTHOUGH IT IS RECOGNIZED THAT CERTAIN WITNESSES WILL
NOT, UNDER THE PROPOSED RATES, BE ADEQUATELY COMPENSATED.  IN ORDER TO FAIRLY COM-
PENSATE EVERYONE APPEARING AS A WITNESS IS WOULD BE NECESSARY TO HAVE EITHER A
GRADUATED SCALE OF FEES, OR, LEAVE THE AMOUNT OF SUCH FEES IN THE DISCRETION OF
THE JUDGE.  NEITHER WAS CONSIDERED FEASIBLE, AND THEREFORE THE AMOUNTS ARRIVED AT
HEREIN ARE MORE OR LESS ARBITRARY, BUT CONSIDERED TO BE REASONABLY FAIR TO THE AV-
ERAGE WITNESS (AT 1232).

    THIS STATEMENT IS OF EQUAL VALIDITY TODAY.

    AGAIN, IN 1956 ALTHOUGH PER DIEM WITNESS FEES REMAINED AT $4, SUBSISTENCE AND
TRAVEL ALLOWANCES WERE RAISED. THEN, IN 1968 THE PER DIEM ALLOWANCE WAS INCREASED
TO $20.

    SINCE 1968 THE AVERAGE DAILY INCOME HAS INCREASED BY OVER 60 PERCENT, WHILE THE
WITNESS FEE HAS REMAINED THE SAME. PROPOSED LEGISLATION THEREFORE INCREASES THE
WITNESS FEE TO $30 PER DAY. THIS IS THE MINIMAL LEVEL OF COMPENSATION THAT CONSTI-
TUTES A RESPECTABLE REMUNERATION FOR WITNESS SERVICE TODAY.  AS STATED ABOVE, IT
IS NOT INTENDED AS REIMBURSEMENT FOR LOST INCOME, WITNESS SERVICE BEING A PUBLIC
OBLIGATION FOR WHICH THE GOVERNMENT IS NOT REQUIRED TO PROVIDE COMPENSATION.
HOWEVER, AS A MATTER OF PUBLIC POLICY THE GOVERNMENT OUGHT NOT TO TAKE THE TIME OF
CITIZENS, ANY MORE THAN THEIR PROPERTY WITHOUT REASONABLE COMPENSATION.  MOREOVER,
FAIR COMPENSATION SHOULD BE PROVIDED IN ORDER TO PROMOTE RESPECT FOR CITIZEN PAR-
TICIPATION IN OUR SYSTEM OF JUSTICE.  PAYMENT OF $30 PER DAY, WHICH TRANSLATES IN-
TO AN ANNUAL WAGE OF $7,500, IS THE MINIMALLY ACCEPTABLE LEVEL FOR THE DAILY AT-
TENDANCE FEE.

    IN 1956, THE DEPARTMENT OF JUSTICE RECOMMENDED COMPUTATION OF TRAVEL ALLOWANCES
FOR WITNESSES BASED ON A UNIFORM TABLE TO DISTANCES.  ALTHOUGH THE INTENT WAS TO
STANDARDIZE PAYMENT TO WITNESSES WHO TRAVEL EQUAL DISTANCES, APPLICATION OF THE
PROVISION HAS PROVED INEQUITABLE.  SPECIFICALLY, COMPENSATION TO WITNESSES WHO
TRAVEL BY COMMERCIAL AIRPLANE IMPOSES FINANCIAL BURDENS UPON THOSE WHO TRAVEL A
ONE-WAY DISTANCE OF 600 HIGHWAY MILES OR LESS AND GRANTS FINANCIAL WINDFALLS TO

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)

**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

THOSE WHO TRAVEL GREATER DISTANCES. DATA FROM THE CIVIL AERONAUTICS BOARD INDIC-
ATES THAT THE COST PER MILE FOR AIRLINE TRAVEL **4633 *4 RATHER THAN STANDARD
HIGHWAY DISTANCES DECLINES STEADILY AS FLIGHT DISTANCE INCREASES. FOR EXAMPLE,
ROUND-TRIP AIR FARE BETWEEN BOSTON AND PHILADELPHIA EXCEEDS BY $23.60 THE TRAVEL
ALLOWANCE WHICH A WITNESS RECEIVES UNDER 28 U.S.C. 1821. HOWEVER, A WITNESS WHO
TRAVELS FROM NEW YORK CITY TO SAN FRANCISCO RECEIVES $198.80 IN EXCESS OF HIS AC-
TUAL AIR FARE.  TO ELIMINATE THESE PROBLEMS, 28 U.S.C. 1821 IS AMENDED TO PROVIDE
COMPENSATION TO WITNESSES FOR THE ACTUAL EXPENSES OF TRAVEL AND ON THE BASIS OF
THE FORM OF TRANSPORTATION ACTUALLY USED.

   UNDER THIS PROPOSAL WITNESSES WHO TRAVEL BY MEANS OF PRIVATELY OWNED VEHICLES
(AUTOMOBILE, AIRPLANE, MOTORCYCLE, OR BOAT) WOULD CONTINUE TO RECEIVE COMPENSATION
IN THE FORM OF MILEAGE ALLOWANCES. THE PRESENT ALLOWANCE OF 10 CENTS A MILE,
HOWEVER, IS CLEARLY ADEQUATE.  WITNESSES WHO ARE EMPLOYEES OF THE GOVERNMENT AND
WHO TESTIFY ON BEHALF OF THE UNITED STATES OR WHO TESTIFY ON BEHALF OF ANY PARTY
IN THEIR OFFICIAL CAPACITIES RECEIVE SUCH MILEAGE ALLOWANCES AS THE ADMINISTRATOR
OF GENERAL SERVICES PRESCRIBES FOR OFFICIAL TRAVEL UNDER 5 U.S.C. 5751.  THE RAPID
INCREASES IN TRANSPORTATION COSTS PROMPTED CONGRESS IN 1974 TO AUTHORIZE THE AD-
MINISTRATOR OF GENERAL SERVICES TO ESTABLISH MILEAGE ALLOWANCES FOR WITNESSES WHO
ARE EMPLOYEES OF THE GOVERNMENT.  PURSUANT TO 5 U.S.C. 5704(A), THESE FEES ARE TO
REFLECT CURRENT COSTS AND ARE NOT TO EXCEED 11 CENTS PER MILE FOR MOTORCYCLES, 20
CENTS PER MILE FOR AUTOMOBILES, AND 24 CENTS PER MILE FOR PRIVATE PLANES.

   THEREFORE, RATHER THAN INCREASE THE FLAT MILEAGE ALLOWANCE WHICH 28 U.S.C. 1821
PROVIDES, THE LEGISLATION AMENDS SECTION 1821 TO ENTITLE WITNESSES GENERALLY TO
SUCH ALLOWANCES FOR TRAVEL BY PRIVATELY OWNED VEHICLES AS GOVERNMENT EMPLOYEES RE-
CEIVE FOR SIMILAR TRAVEL.  THIS WOULD ELIMINATE THE PRESENT INEQUITIES IN COMPENS-
ATION BETWEEN TWO CATEGORIES OF WITNESSES AND THE NEED FOR LEGISLATION IN THE FU-
TURE IN RESPONSE TO RISING COSTS.  IN ADDITION, THE PROPOSAL WOULD PERMIT COMPENS-
ATION FOR INCIDENTAL TRAVEL EXPENSES SUCH AS PARKING FEES, FERRY FARES, AND
BRIDGE, ROAD, AND TUNNEL COSTS. FINALLY THE PROPOSED LEGISLATION WOULD PROVIDE
SPECIAL ALLOWANCES FOR CERTAIN TYPES OF TRAVEL IN ALASKA.  IN THE DISTRICT OF
ALASKA, WHENEVER THE USE OF A SNOWMOBILE, DOG TEAM, OR BOAT IS APPROVED BY THE
COURT, A U.S. MAGISTRATE, THE U.S. ATTORNEY, OR AN ASSISTANT U.S. ATTORNEY, WIT-
NESSES SHALL BE PAID THE ACTUAL RENTAL COST OR A REASONABLE ESTIMATE OF NECESSARY
EXPENSES.

   WITNESSES WHO MUST ATTEND COURTS WHICH ARE SO FAR DISTANT FROM THEIR RESIDENCES
AS TO REQUIRE OVERNIGHT STAYS NOW RECEIVE $16 PER DAY FOR SUBSISTENCE EXPENSES.
THIS AMOUNT IS INSUFFICIENT IN VIEW OF RECENT INCREASES IN FOOD AND LODGING COSTS.
SINCE 1968, WHEN CONGRESS RAISED THE SUBSISTENCE ALLOWANCE TO ITS PRESENT LEVEL,
THE COST OF 'FOOD AWAY LODGING COSTS HAVE INCREASED FROM $12.27 PER NIGHT IN 1968
TO $19.66 PER NIGHT IN 1975.  IN 1974, CONGRESS ENACTED PUBLIC LAW 92-22 (MAY 19,
1975) AND THEREBY INCREASED THE PER DIEM ALLOWANCE FOR GOVERNMENT EMPLOYEES TO A
MAXIMUM OF $35 AND INCREASED THE MAXIMUM REIMBURSEMENT OF ACTUAL EXPENSES IN HIGH
COST AREAS TO $50 PER DAY.  THE SENATE LATER PASSED SENATE RESOLUTION 172 (JUNE 4,
1975) WHICH INCREASED THE SUBSISTENCE ALLOWANCE FOR WITNESSES WHO APPEAR BEFORE
SENATE COMMITTEES TO $35 PER DAY.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

IN LIEU OF THE FLAT SUBSISTENCE ALLOWANCE WHICH SECTION 1821 PROVIDES, THE LE-
GISLATION GENERALLY ENTITLES WITNESSES TO DAILY ALLOWANCES EQUAL TO **4634 *5
THOSE WHICH GOVERNMENT EMPLOYEES RECIEVE FOR OFFICIAL TRAVEL. THIS WOULD ELIMINATE
BOTH THE PRESENT INEQUITIES IN COMPENSATION BETWEEN WITNESSES AND THE NEED FOR
FREQUENT REVISION OF THE WITNESS STATUTE.  IN RECOGNITION OF VARIATIONS IN THE
COST OF LIVING IN DIFFERENT LOCATIONS, THIS PROPOSAL WOULD ALSO ENTITLE WITNESSES
TO INCREASED COMPENSATION WHEN THEY MUST ATTEND COURTS IN AREAS WHICH THE ADMINIS-
TRATOR OF GENERAL SERVICES HAS DESIGNATED AS HIGH COST AREAS UNDER 5 U.S.C.
5702(C)(B).

SECTION 3149 OF TITLE 18, U.S.C.  PERMITS DETENTION OF A WITNESS WHOSE TESTIMONY
IS MATERIAL IN A CRIMINAL PROCEEDING, WHOSE APPEARANCE IT MAY BE IMPRACTICABLE TO
SECURE BY SUBPENA, AND WHO CANNOT COMPLY WITH THE CONDITIONS OF RELEASE WHICH 18
U.S.C. 3146 PERMITS A COURT TO IMPOSE.  PURSUANT TO 28 U.S.C. 1821, SUCH A WITNESS
RECEIVES A FEE OF $1 PER DAY, IN ADDITION TO SUBSISTENCE, FOR EACH DAY OF CONFINE-
MENT.  THE SUPREME COURT IN HURTADO V. UNITED STATES, 410 U.S. 578 (1973) [FN1]
HAS RULED THAT SECTION 1821 ALSO ENTITLES SUCH A WITNESS TO AN ATTENDANCE FEE (NOW
$20) FOR EACH DAY OF CONFINEMENT DURING WHICH THE PERTINENT TRIAL OR OTHER PRO-
CEEDING IS IN SESSION.

ALTHOUGH CONGRESS HAS ADJUSTED OTHER WITNESS FEES AND ALLOWANCES TO REFLECT IN-
CREASING COSTS, IT HAS MADE NO CHANGE IN THE $1 COMPENSATION FOR INCARCERATED WIT-
NESSES.  UNDER 19 U.S.C. 3149, THE DETENTION OF MATERIAL WITNESSES WHOSE TESTIMONY
'CAN ADEQUATELY BE SECURED BY DEPOSITION' AND THE FURTHER DETENTION OF WHOM 'IS
NOT NECESSARY TO PREVENT A FAILURE OF JUSTICE' IS PROHIBITED. IRONICALLY, PRESENT
STATUTES RESTRICT THE CATEGORY OF WITNESSES UPON WHOM COURTS MAY IMPOSE THE BUR-
DENS OF INCARCERATION BUT DO NOT PROVIDE REASONABLE COMPENSATION TO THOSE UPON
WHOM SUCH BURDENS FALL.

THE PROPOSED LEGISLATION AMENDS 28 U.S.C. 1821 TO PROVIDE THAT A MATERIAL WIT-
NESS (OTHER THAN AN ILLEGAL ALIEN) SHALL RECEIVE A DAILY ATTENDANCE FEE FOR EACH
DAY OF HIS CONFINEMENT. THIS APPROACH WOULD NOT ONLY PROVIDE MORE REASONABLE COM-
PENSATION FOR THE INCONVENIENCE AND FINANCIAL HARDSHIPS WHICH DETENTION ENTAILS
BUT WOULD ELIMINATE THE PECULIARITIES OF THE SYSTEM OF COMPENSATION WHICH THE SU-
PREME COURT MANDATED BY ITS DECISION IN HURTADO.

                                    STATEMENT

ON MAY 4, 1978, THE SUBCOMMITTEE ON COURTS, CIVIL LIBERTIES, AND THE ADMINISTRA-
TION OF JUSTICE HELD A 1-DAY HEARING ON PENDING LEGISLATION TO IMPROVE THE CONDI-
TIONS OF JUROR AND WITNESS SERVICE IN THE FEDERAL JUDICIAL SYSTEM.  TWO WITNESS
FEE BILLS WERE PENDING BEFORE THE SUBCOMMITTEE:  H.R. 8220 (DANIELSON) AND H.R.
9122 (KASTENMEIER).

STATEMENTS AND TESTIMONY WERE RECEIVED FROM THE ADMINISTRATIVE OFFICE OF THE
UNITED STATES COURTS (CARL H. IMLAY AND WILLIAM R. BURCHILL JR.) AND THE U.S. DE-
PARTMENT OF JUSTICE (RAYMOND S. CALAMARO AND JOHN M. BEAL), AND WRITTEN STATEMENTS
WERE SUBMITTED BY THE AMERICAN BAR ASSOCIATION, THE NATIONAL JURY PROJECT, THE
AMERICAN CIVIL LIBERTIES UNION, AND THE NATIONAL LEGAL AID AND DEFENDER ASSOCI-

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651                                                                                            Page 5
H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

ATION.  ALL WERE GENERALLY FAVORABLE AS TO THE PROPOSED LEGISLATION.

*6 **4635 APPROXIMATELY 1 WEEK BEFORE THE HEARING, A BILL (S. 2049), AS AMENDED, UNANIMOUSLY PASSED THE SENATE.  IT WAS REFERRED TO THE SUBCOMMITTEE SHORTLY AFTER THE HEARING.

ON JULY 26, 1978, THE SUBCOMMITTEE ON COURTS, CIVIL LIBERTIES, AND THE ADMINIS-TRATION OF JUSTICE UNANIMOUSLY APPROVED S. 2049, AS AMENDED.  A TECHNICAL AMEND-MENT WAS OFFERED BY MR. KASTENMEIER, STRIKING CERTAIN LANGUAGE DEEMED TO BE SUR-PLUSAGE.  A SECOND AMENDMENT WAS OFFERED BY MR. KASTENMEIER TO ALLOW STAFF AND THE LEGISLATIVE COUNSEL'S OFFICE TO CONFORM THE LANGUAGE OF S. 2049 TO THE LANGUAGE OF S. 2075 (THE JURY SYSTEM IMPROVEMENTS ACT OF 1978) WHICH WAS REPORTED BY THE SUB-COMMITTEE ON THAT SAME DAY.  THE PROPOSED CONFORMING CHANGES SUBSEQUENTLY WERE SUBMITTED TO THE SUBCOMMITTEE MEMBERS, WHO WERE GIVEN AN OPPORTUNITY TO OPPOSE OR SUGGEST AMENDATORY CHANGES.  NO NEGATIVE RESPONSES WERE RECEIVED.

ON SEPTEMBER 26, 1978, THE COMMITTEE UNANIMOUSLY APPROVED S. 2049 BY VOICE VOTE.

SECTION-BY-SECTION ANALYSIS

SECTION 1821 OF TITLE 28, U.S.C.  IS AMENDED AS FOLLOWS:

SUBSECTION (A).  THE FIRST PARAGRAPH OF SUBSECTION (A) PROVIDES THAT A WITNESS WHO IS IN ATTENDANCE AT ANY COURT OF THE UNITED STATES, OR BEFORE A U.S. MAGIS-TRATE, OR BEFORE ANY PERSON AUTHORIZED TO TAKE HIS DEPOSITION, SHALL RECEIVE THE FEES AND ALLOWANCES SET FORTH IN SECTION 1821.  WITNESSES WHO TESTIFY BEFORE FED-ERAL GRAND JURIES ARE COVERED BY THIS PARAGRAPH.

THE SECOND PARAGRAPH OF SUBSECTION (A) STATES THAT THE TERM 'COURT OF THE UNITED STATES' INCLUDES, IN ADDITION TO THE COURTS LISTED IN 28 U.S.C. 451, [FN2]  ANY COURT CREATED BY ACT OF CONGRESS IN A TERRITORY WHICH IS INVESTED WITH ANY JURIS-DICTION OF A DISTRICT COURT OF THE UNITED STATES.  [FN3]

SUBSECTION (B) PROVIDES THAT WITNESSES SHALL BE PAID A DAILY ATTENDANCE FEE OF $30 FOR EACH DAY'S ATTENDANCE (AN INCREASE OF 50 PERCENT OVER THE PRESENT FEE). COMPUTATION OF THE ATTENDANCE FEE SHALL INCLUDE THE TIME NECESSARILY EXPENDED IN GOING TO AND RETURNING FROM THE PLACE OF ATTENDANCE AT THE BEGINNING, DURING AND AT THE END OF SUCH ATTENDANCE.

SUBSECTION (C).  PARAGRAPH (1) OF SUBSECTION (C) ESTABLISHES THAT WITNESSES WHO TRAVEL BY COMMON CARRIER BE COMPENSATED FOR THE ACTUAL EXPENSES OF TRAVEL AND ON THE BASIS OF THE FORM OF TRANSPORTATION REASONABLY UTILIZED AND THE DISTANCE NE-CESSARILY TRAVELED.  SUCH WITNESSES ARE INSTRUCTED TO MAKE REASONABLE ATTEMPTS TO TRAVEL AT THE MOST ECONOMICAL RATES AVAILABLE.  IN OTHER WORDS, THEY ARE NOT TO TRAVEL FIRST CLASS.  PARAGRAPH (1) ALSO MANDATES THAT WITNESSES FURNISH A RECEIPT OF OTHER EVIDENCE OF ACTUAL COST.

PARAGRAPH (2) PROVIDES THAT WITNESSES WHO TRAVEL BY PRIVATELY OWNED VEHICLE RE-CEIVE COMPENSATION IN THE FORM OF THE SAME MILEAGE *7 **4636 ALLOWANCES WHICH GOV-ERNMENT EMPLOYEES RECEIVE FOR SIMILAR TRAVEL AS ESTABLISHED BY THE ADMINISTRATOR OF GENERAL SERVICES.  MOREOVER, COMPUTATION OF MILEAGE TRAVELED GOING TO AND FROM A RESIDENCE SHALL BY CALCULATED BY USING THE UNIFORM TABLE OF DISTANCES ADOPTED BY THE ADMINISTRATOR OF GENERAL SERVICES.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)

**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

IN THE DISTRICT OF ALASKA, WHENEVER THE USE OF A SNOWMOBILE, DOG TEAM, OR BOAT
IS APPROVED BY THE COURT, A U.S. ATTORNEY, WITNESSES SHALL BE PAID THE ACTUAL
RENTAL COST OR REASONABLE ESTIMATE OF NECESSARY EXPENSES.

PARAGRAPH (3) STATES THAT WITNESSES WILL RECEIVE COMPENSATION FOR INCIDENTAL
TRAVEL EXPENSES SUCH AS PARKING FEES, CHARGES FOR TOLL ROADS, TUNNELS, AND FERRIES
AND TAXI FARES.

PARAGRAPH (4) PROVIDES THAT ALL NORMAL TRAVEL EXPENSES WITHIN AND OUTSIDE THE
JUDICIAL DISTRICT SHALL BE TAXABLE AS COSTS PURSUANT TO SECTION 1920 OF THIS
TITLE.  READING THIS PARAGRAPH WITH SEC. 1920, WHICH IS PHRASED IN THE 'MAY '
TENSE, INDICATES THAT THE ALLOCATION OF TRAVEL EXPENSES AS COSTS IS DISCRETIONARY
WITH THE TRIAL JUDGE.  THIS SECTION APPLIES TO THE UNITED STATES, ITS OFFICERS,
AND AGENCIES THEREOF.  (SEE RULE 54(D), FED. R. CIV. P.)

SUBSECTION (D).  PARAGRAPH (1) OF SUBSECTION (D) PROVIDES THAT WITNESSES WHO
MUST ATTEND COURTS WHICH ARE SO FAR DISTANT FROM THEIR RESIDENCES AS TO REQUIRE
OVERNIGHT STAYS SHALL RECEIVE AN ADDITIONAL SUBSISTENCE ALLOWANCE.

PARAGRAPH (2) STATES THAT THE ADDITIONAL SUBSISTENCE ALLOWANCE SHALL NOT EXCEED
THE MAXIMUM PER DIEM WHICH GOVERNMENT EMPLOYEES RECEIVE FOR OFFICIAL TRAVELS AS
DESIGNATED BY THE ADMINISTRATOR OF GENERAL SERVICES PURSUANT TO 5 U.S.C. 5702(A).

PARAGRAPH (3) PROVIDES THAT WITNESSES WHO STAY OVERNIGHT IN HIGH-COST AREAS AS
DETERMINED BY THE ADMINISTRATOR OF GENERAL SERVICES SHALL RECEIVE A HIGHER SUB-
SISTENCE ALLOWANCE WHICH DOES NOT EXCEED THE ACTUAL SUBSISTENCE ALLOWANCE PRE-
SCRIBED BY THE ADMINISTRATOR (PURSUANT TO 5 U.S.C. 5702(C)(B)) FOR GOVERNMENT EM-
PLOYEES.

PARAGRAPH (4) STATES THAT A WITNESS WHO IS DETAINED FOR WANT OF SECURITY FOR HIS
APPEARANCE SHALL BE ENTITLED TO THE DAILY ATTENDANCE FEE IN ADDITION TO SUBSIST-
ENCE FOR EACH DAY OF DETENTION WHEN NOT IN APPEARANCE AT COURT.

SUBSECTION (3) PROVIDES THAT THE ENTIRE SECTION DOES NOT APPLY TO TWO CATEGORIES
OF ILLEGAL ALIENS:  FIRST, THOSE WHO HAVE BEEN PAROLED INTO THE UNITED STATES AT
THEIR OWN REQUEST FOR PROSECUTION, AND SECOND, THOSE WHO HAVE ADMITTED BELONGING
TO A CLASS OF ALIENS WHO ARE DEPORTABLE OR ALREADY HAVE BEEN FOUND TO BE DEPORT-
ABLE.

SECTION 2 ESTABLISHES OCTOBER 1, 1978, OR THE DATE OF ENACTMENT WHICHEVER OCCURS
LATER, AS THE EFFECTIVE DATE OF THIS ENTITLEMENT LEGISLATION.

### OVERSIGHT FINDINGS

IN REGARD TO CLAUSE 2(1)(3) OF RULE XI OF THE RULES OF THE HOUSE OF REPRESENTAT-
IVES, THE COMMITTEE RECOGNIZES THAT IT HAS OVERSIGHT AND AUTHORIZATION RESPONSIB-
ILITY OVER THE U.S. DEPARTMENT OF JUSTICE.  IT IS THE COMMITTEE'S INTENTION TO
SERIOUSLY AND IMPARTIALLY EXERCISE THIS RESPONSIBILITY ON AN ONGOING BASIS.

**4637 *8 IN REGARD TO CLAUSE 2(1)(3)(D) OF RULE XI OF THE RULES OF THE HOUSE OF
REPRESENTATIVES, NO OVERSIGHT FINDINGS HAVE BEEN SUBMITTED TO THE COMMITTEE BY THE
COMMITTEE ON GOVERNMENT OPERATIONS.

### NEW BUDGET AUTHORITY

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

IN REGARD TO CLAUSE 2(1)(3)(B) OF RULE XI OF THE RULES OF THE HOUSE OF REPRES-
ENTATIVES, THE BILL CREATES NO NEW NEW BUDGET AUTHORITY ON INCREASED TAX EXPENDIT-
URES FOR WITNESS FEES.

INFLATION IMPACT STATEMENT

PURSUANT TO CLAUSE 2(1)(4) OF RULE XI OF THE RULES OF THE HOUSE OF REPRESENTAT-
IVES, THE COMMITTEE FEELS THAT THE BILL WILL BE NO FORESEEABLE INFLATIONARY IMPACT
ON PRICES OR COSTS IN THE OPERATION OF THE NATIONAL ECONOMY.

COST ESTIMATE

IN REGARD TO CLAUSE 7 OF RULE XIII OF THE RULES OF THE HOUSE OF REPRESENTATIVES,
THE COMMITTEE AGREES WITH THE COST ESTIMATE OF THE CONGRESSIONAL BUDGET OFFICE.

STATEMENT OF THE CONGRESSIONAL BUDGET OFFICE

PURSUANT TO CLAUSE 2(1)(3)(C) OF RULE XI OF THE RULES OF THE HOUSE OF REPRESENT-
ATIVES, AND SECTION 403 OF THE CONGRESSIONAL BUDGET ACT OF 1974, THE FOLLOWING IS
THE COST ESTIMATE ON S. 2049 PREPARED BY THE CONGRESSIONAL BUDGET OFFICE.
CONGRESSIONAL BUDGET OFFICE,
U.S. CONGRESS,
WASHINGTON, D.C., SEPTEMBER 26, 1978.
HON. PETER W. RODINO, JR.,
CHAIRMAN, COMMITTEE ON THE JUDICIARY, U.S. HOUSE OF REPRESENTATIVES, RAYBURN
HOUSE OFFICE BUILDING, WASHINGTON, D.C.
DEAR MR. CHAIRMAN: PURSUANT TO SECTION 403 OF THE CONGRESSIONAL BUDGET ACT OF
1974, THE CONGRESSIONAL BUDGET OFFICE HAS PREPARED THE ATTACHED COST ESTIMATE FOR
S. 2049, A BILL TO ESTABLISH FEES AND ALLOW PER DIEM AND MILEAGE EXPENSES FOR WIT-
NESSES BEFORE U.S. COURTS.
SHOULD THE COMMITTEE SO DESIRE, WE WOULD BE PLEASED TO PROVIDE FURTHER DETAILS
ON THE ATTACHED COST ESTIMATE.
SINCERELY,
ROBERT A. LEVINE,
(FOR ALICE M. RIVLIN,
DIRECTOR).

CONGRESSIONAL BUDGET OFFICE-COST ESTIMATE

SEPTEMBER 26, 1978.
1. BILL NUMBER: S. 2049.
2. BILL TITLE: A BILL TO ESTABLISH FEES AND ALLOW PER DIEM AND MILEAGE EX-
PENSES FOR WITNESSES BEFORE U.S. COURTS.
3. BILL STATUS: AS ORDERED REPORTED BY THE HOUSE COMMITTEE ON THE JUDICIARY,
SEPTEMBER 26, 1978.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**

 

**\*\*4638 \*9** 4.  BILL PURPOSE:  THE BILL INCREASES ATTENDANCE FEES AND SUBSISTENCE
ALLOWANCES FOR WITNESSES BEFORE U.S. COURTS.  IN ADDITION, THE METHOD OF COMPUTING
TRAVEL ALLOWANCES IS REVISED AND THE ATTENDANCE FEE PAID TO DETAINED WITNESSES FOR
NONCOURT DAYS IS INCREASED.

   5.  COST ESTIMATE:

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE
   THE COSTS OF THIS BILL FALL WITHIN BUDGET FUNCTION 750.

   6.  BASIS OF ESTIMATE:  UNDER THE PROVISIONS OF THIS BILL, WITNESS ATTENDANCE
FEES ARE INCREASED 50 PERCENT, FROM $20 TO $30 PER DAY; SUBSISTENCE ALLOWANCES ARE
INCREASED 119 PERCENT, FROM $16 TO $35 PER DAY; MILEAGE PAYMENTS ARE INCREASED 70
PERCENT, FROM 10 CENTS TO 17 CENTS PER MILE; AND THE PAYMENTS TO DETAINED WIT-
NESSES ARE INCREASED THIRTY-FOLD, FROM $1 TO $30 PER DAY.  THE ADDITIONAL COSTS
RESULTING FROM THIS BILL WERE ESTIMATED BY CALCULATING THE NET EFFECT OF THESE IN-
CREASED RATES, TAKING INTO CONSIDERATION PROBABLE INCREASES IN THE NUMBER OF FACT
WITNESSES BEFORE U.S. COURTS AND IN THE RATE FOR MILEAGE PAYMENTS UP TO THE MAXIM-
UM OF 20 CENTS PER MILE (AS DESIGNATED UNDER SECTION 5704, TITLE 5, UNITED STATES
CODE).  ON THIS BASIS, THE COST OF THE BILL IS ESTIMATED TO BE $9.8 MILLION FOR
FISCAL YEAR 1979, INCREASING TO $14.7 MILLION BY FISCAL YEAR 1982, ASSUMING ENACT-
MENT IN OCTOBER 1978.

   7.  ESTIMATE COMPARISON:  THE DEPARTMENT OF JUSTICE ESTIMATES THE FULL-YEAR COST
OF THIS BILL AT APPROXIMATELY $9 MILLION FOR FISCAL YEAR 1978.  THE CBO ESTIMATE
IS BASED ON A SIMILAR METHODOLOGY AND PRODUCES APPROXIMATELY THE SAME RESULT.

   8.  PREVIOUS CBO ESTIMATE:  ON MARCH 13, CBO PREPARED AN ESTIMATE OF COSTS
FOR S. 2049, AS ORDERED REPORTED BY THE SUBCOMMITTEE ON IMPROVEMENT IN JUDICIAL
MACHINERY OF THE SENATE COMMITTEE ON THE JUDICIARY.  THIS ESTIMATE ASSUMES A LATER
ENACTMENT DATE THAN THE PREVIOUS ESTIMATE.

   9.  ESTIMATE PREPARED BY:  THOMAS ELZEY.

   10.  ESTIMATE APPROVED BY:

   C. G. NUCKOLS

   (FOR JAMES L. BLUM,

   ASSISTANT DIRECTOR, FOR BUDGET ANALYSIS).

COMMITTEE VOTE

   S. 2049 WAS REPORTED UNANIMOUSLY BY VOICE VOTE, A QUORUM OF MEMBERS BEING
PRESENT.

*     *     *     *

   FN1   93 S.CT. 1157, 35 L.ED.2D 508.

   FN2   28 U.S.C. 451 PROVIDES THAT THE TERM 'COURT OF THE UNITED STATES  ' IN-
CLUDES THE SUPREME COURT OF THE UNITED STATES, COURTS OF APPEALS, DISTRICT COURTS
CONSTITUTED BY CHAPTER 5 OF THIS TITLE, INCLUDING THE COURT OF CLAIMS, THE COURT
OF CUSTOMS AND PATENT APPEALS, THE CUSTOMS COURT, AND ANY COURT CREATED BY ACT OF

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

H.R. REP. 95-1651                                                                                                  Page 9
H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978 U.S.C.C.A.N. 4631, 1978 WL 8581
(Leg.Hist.)
**(Cite as: H.R. REP. 95-1651, 1978 U.S.C.C.A.N. 4631)**


CONGRESS THE JUDGES OF WHICH ARE ENTITLED TO HOLD OFFICE DURING GOOD BEHAVIOR.

   FN3   SEE, E.G., REVISED ORGANIC ACT OF THE VIRGIN ISLANDS, CH. 558, SEC. 21, 68
STAT. 506 (1954), 48 U.S.C. 1405X; ORGANIC ACT OF GUAM, CH. 512, SEC. 22(A), 64
STAT. 389 (1950), AS AMENDED, 48 U.S.C. 1424(A).

(Note:  1.  PORTIONS OF THE SENATE, HOUSE AND CONFERENCE REPORTS, WHICH ARE
DUPLICATIVE OR ARE DEEMED TO BE UNNECESSARY TO THE INTERPRETATION OF THE LAWS,
ARE OMITTED.  OMITTED MATERIAL IS INDICATED BY FIVE ASTERISKS:  *****.
          2.  TO RETRIEVE REPORTS ON A PUBLIC LAW, RUN A TOPIC FIELD SEARCH
USING THE PUBLIC LAW NUMBER, e.g., TO(99-495))

 H.R. REP. 95-1651, H.R. Rep. No. 1651, 95TH Cong., 2ND Sess. 1978, 1978
U.S.C.C.A.N. 4631, 1978 WL 8581 (Leg.Hist.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.