# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 CR 215 | **DATE** | 4/23/2008 |
| **CASE TITLE** | USA vs. Konstantinos Alexopolous | | |

**DOCKET ENTRY TEXT**

The Court denies petitioners' motions [29][69] for per diem and subsistence payments as to Konstantinos Alexopoulos (1).

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

     Before the Court are material witnesses Florencio Chapol-Fiscal, Guadencio Castro-Fausto's, and other similarly situated witnesses (collectively "Petitioners") motions for per diem and subsistence payments pursuant to 28 U.S.C. § 1821(d)(4). For the reasons discussed below, Petitioners' motions are denied.

     Under 28 U.S.C. § 1821(d)(4), "When a witness is detained pursuant to section 3144 of title 18 for want of security for his appearance, he shall be entitled for each day of detention when not in attendance at court, in addition to his subsistence, to the daily attendance fee provided by subsection (b) of this section." The parties agree that Petitioners were held as material witnesses under 18 U.S.C. § 3144 for a period of time. The Government contends, however, that Petitioners' status as deportable aliens at the time they served as material witnesses disqualifies them from collecting fees. *See* 28 U.S.C. § 1821(e). Under 28 U.S.C. § 1821(e), "an alien who either has admitted belonging to a class of aliens who are deportable or has been determined … to be deportable, shall be ineligible to receive the fees or allowances provided by this section." 28 U.S.C. § 1821(e). Petitioners concede that they are deportable, but nonetheless argue that they are entitled to fees. Petitioners argue that reading Sections 1821(d), (e), and (f) together supports their position that deportable material witnesses are entitled to fees. The Court disagrees.

     "The cardinal rule of statutory interpretation is that courts must first look to the language of the statute and assume that its plain meaning accurately expresses the legislative purpose." *United States v. Misc. Firearms*, 376 F.3d 709, 712 (internal citations and quotation omitted). In determining whether the meaning of statutory language is plain or ambiguous, the Court looks to the specific language, the context in which the language is used, and the broader context of the statute as a whole. *Id.* Moreover, the Court must read the subsections of a statute in conjunction with one another, and reject any interpretations that would render them inconsistent. *Id.* ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme ... [and] Interpretations inconsistent with that structure and context should be rejected.") (internal quotations and citations omitted). Applying these principles of statutory construction to 28 U.S.C. 1821, subsection 1821(e)

**STATEMENT**

carves out a clear and unambiguous exception to the classes of individuals who are eligible for fees under subsection (d)(4): deportable aliens.  The Court finds no ambiguity in this straightforward reading of the statute.

Petitioners argue that 28 U.S.C. §1821(f) – which provides that "any witness who is incarcerated at the time that his or her testimony is given (except for a witness to whom the provisions of section 3144 of title 18 apply" – ***adds back*** a class of individuals (detained and deportable material witnesses) specifically excluded by subsection (e).  This tortured interpretation of the statute is not persuasive.  In the process of excluding detained individuals from the class of individuals eligible for fees, subsection (f) excises out of the general exclusion those individuals who are detained as material witnesses.  Petitioners argue that the exception to the exception set forth in subsection (f) both contradicts and supersedes the clear language of subsection (e).  The Court, however, must read the subsections consistently and in conjunction with one another.  *See Misc. Firearms*, 376 F.3d at 712 (noting that statutory interpretations that are inconsistent with the overall statutory structure and context or which render other provisions of the statute inconsistent should be rejected).  When read in conjunction with one another, subsections (d)(4), (e), and (f) provide for a consistent result: material witnesses who are in custody are entitled to fees, as long as they are not deportable.

Petitioners rely upon the reasoning of one non-binding magistrate judge's opinion in *United States v. Lopez-Bustamante*, 999 F. Supp. 1404, 1406-1407 (D. Colo. 1998).  For the reasons stated above, the Court does not find the reasoning in that case persuasive.  Indeed, another magistrate judge in the same circuit expressly disagreed with the reasoning in *Lopez-Bustamante*.  *See United States v. Alaniz-Tejada*, 150 F. Supp. 2d 1109, 1111 (D. Colo. 2001) ("the clear Congressional intent is that deportable aliens are ineligible for witness fees under any circumstances.").  The language of 28 U.S.C. § 1821(e) clearly and unambiguously precludes deportable aliens from receiving the fees.  Because Petitioners are deportable aliens, and are thus not entitled to recover material witness fees pursuant to 28 U.S.C. §1821(e), the Court denies Petitioners motions.